The State, &c., to use of Decker, v. D'Oench.

THE STATE, &C., TO USE OF JOHN DECKER, Respondent, v. WILLIAM D'OENCH *et al.*, Appellants.

31 453
51a 436
31 453
125 558
31 453
63a 332
31 453
65a 132

1. Where a deed of trust conveyed the fixtures and furniture of a store, and also the stock of merchandise; *held*, that if the merchandise was left in the possession of the grantor with the intent that he should have the power of disposing of the same, that the deed would be void as to such stock. (See State, to use of Voullaire, v. Tasker.)

*Appeal from St. Louis Circuit Court.*

This was a suit upon an indemnifying bond given to the sheriff to recover the value of property levied upon under execution, &c., and claimed by Decker as trustee in a deed of trust made by the execution debtor.

The defence set up in the answer was, that the deed of trust was made for the purpose of defrauding creditors. The verdict and judgment were for the plaintiff.

*Hart & McGibbon,* for appellants.

*Decker & Voorhis,* for respondent.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Napton in which Judge Ewing concurred, (Judge Scott being absent,) and the parties have agreed that that opinion shall stand as the dscision of the court. In accordance therewith, the judgment below is affirmed, all the judges concurring.

NAPTON, Judge. The deed of trust, which was the subject of controversy in this case, was not attacked on the ground that it was void upon its face because made to the use of the grantor, nor that the intention of the parties to it was that the grantor should remain in possession and have the power of sale. No such defence was set up in the answer. It was alleged that the deed was fraudulent and void because made for the purpose of defrauding the creditors of the grantor, and this point was submitted to the jury on the evidence, with satisfactory instructions, and found against the defendants.

The deed conveyed a stock of " drugs, medicines, chemicals, perfumeries, furniture, and fixtures, now in, and which may be hereafter brought into the store which is situate on the corner of Brooklyn and Broadway streets, in St. Louis; and, also, the drugs, medicines, chemicals, perfumery, furni-

ture, and fixtures, this day conveyed by bill of sale from said parties of the third part to said party of the first part, with such other medicines, drugs, chemicals, perfumeries, furniture, and fixtures, as the party of the first part may or shall hereafter put into any store which he may occupy with the property purchased," &c.

It is fairly inferable, from the language of the deed, that the party of the first part was to remain in possession of the property granted; but it is not a necessary inference that the party grantor was to sell, or have the power of selling, all the property conveyed. On the contrary, the evidence shows that the most valuable portion of the property conveyed, consisting of fixtures and furniture, such as soda fountains, marble counters, bottles, vases, &c., were not intended for sale, but were the usual or ornamental and useful essentials to an establishment of this kind. Their value alone, without reference to the drugs to be retailed, exceeded the amount of the claim secured by the deed. If the drugs and perfumeries, &c., were left in possession of the grantor, with an intent or understanding with both parties that he should have the power of disposing of them, the deed was void, at least so far as this property was concerned. Instructions were asked to this effect, but they were refused, on the ground, doubtless, that no such defence was made in the answer. The answer alleged that the deed was made to defraud creditors, and there was no charge that it was void by reason of its being a conveyance to the use of the grantor, either on its face or by reason of an understanding of the parties at the time of its execution. Our views upon this question have been fully explained in the case of The State, to use of Voullaire, v. Tasker and others, decided at this term.

We can not see how the rejection of the confessed judgment, in favor of the defendants, could have injured them. They were admitted to be creditors, and the only question at issue was the validity of the deed of trust as against the creditors.

Judgment affirmed.