WILLIAM KERR, Defendant in Error, *v.* PATTERSON B. BELL, Plaintiff in Error.

1. *Practice, Civil — Defect of parties, how taken advantage of — Demurrer.—* It is too late to urge as ground of error, in this court, that the petition is defective by reason of non-joinder of parties. Defendant, to avail himself of such defect, should resort to demurrer. By failing to do so, he waives the objection. (Gen. Stat. 1865, ch. 165, §§ 6–10.)

2. *Practice, Civil — Pleadings amended to conform to evidence, when.—* Where plaintiff's petition stated that certain real estate in controversy was paid for in cash, and the evidence showed payment by conveyance of other real estate, the court properly allowed plaintiff to amend his petition so as to make it conformable to the facts proved. (Gen. Stat. 1865, ch. 168, § 3 ; 42 Mo. 101.)

3. *Contracts — Infants — What contracts void and what voidable.—* The contracts of infants for necessaries, such as shelter, food, and clothing proper for their station, and such other means of support and education as may be requisite for them, are valid and obligatory. But, generally, their promises in any business transaction, though not absolutely void, are voidable by them. And the contract of partnership may be made by an infant for his own benefit, subject to his right to avoid it when he comes of age.

4. *Contracts — Rescission — Infants — Consideration.—* An infant vendor may recover back his property, either real or personal ; but in such a case he must refund what he has received. There can be no such right of recovery so long as any part of the consideration is withheld.

5. *Contracts — Real estate, sale of — What acts an abandonment of.*— Where, after the sale of certain land, the vendor received back the possession of it, rented it out, enjoyed the rents and profits, exercised exclusive and absolute ownership over it, advertised it for sale, and had the title vested in himself, such acts will be held to be an abandonment by him of the sale

*Error to Sixth District Court.*

*Henderson, Dyer & Murray,* for plaintiff in error.

I. The Circuit Court erred in causing the petition to be so amended as to change the issues, after the evidence had been closed, and in rendering a judgment upon the allegations of the petition, without an opportunity for defense.

II. To entitle the plaintiff to recover at all the contract must be rescinded. If there was a rescission or an abandonment of the contract, John Kerr must be a party to this proceeding— either plaintiff or defendant. (Teed v. Elworthy, 14 East. 210; Goode v. Harrison, 5. Barn. & Ald. 150; Thomason v. Frere, 10 East. 418; Murray v. Murray, 15 Johns. 70; Peters v. Davies, 7 Mass. 257; Wamsley v. Lindenberger, 2 Rand., Va., 478.)

III. If the court rescinds the contract in this proceeding because of infancy, the parties should be put in *statu quo*, which in this case can not be done. (3 Kent's Com. 33; 9 Johns. 470; 8 Greenl. 170; 17 Mass. 197; 3 N. H. 64; 7 Conn. 307; 15 Serg. & Rawle, 137; 19 Johns. 226; 18 Mart., La., 48; 2 Peters, S. C., 195; 5 Peters, S. C., 529.)

IV. It is doubtful whether the contract of an infant, made with consent of his guardian, should be set aside on the ground of infancy at all; and authorities show that money paid by an infant in execution of a contract should not be recovered back in the absence of fraud. (Stone v. Dennison, 13 Pick. 1; Breed v. Judd, 1 Gray, 450; Holmes v. Blogg, 8 Taunt. 508; 5 N. H. 345; 4 Blackf. 337; Goode v. Harrison, 5 Barn. & Ald. 150.)

V. If an infant puts his funds into a joint scheme with others, any one of whom may bind the firm, he can not recover back money paid out by his partners. If the infant can avoid any contract, it is that by which he entered the copartnership. He can not avoid a contract made by his partners with third persons,

and much less should he be able to avoid them without making his copartners parties.

*E. A. Lewis, Ewing & Holliday,* and *Howell & Campbell,* for defendant in error.

I. The variance in the amended petition was not material. (Gen. Stat. 1865, p. 669, § 3.)

II. Many cases are reported in which infants have been joint contractors with adults, and in none of them was the right of disaffirmance ever questioned on that ground. (Smith v. Evans, 5 Humph. 27 ; Hillyer v. Bennett, 3 Edw. Ch. 222.)

III. This was a joint purchase of real estate, and nothing else. The terms of the purchase had no reference to the carrying on of a partnership together, with a communion of profits and losses. That might have been their intention ; but, if so, it was wholly independent of the transaction with the defendant. (Grace v. Hale, 2 Humph. 27 ; Hill v. Anderson, 5 Smedes & Mar. 216 ; Smith v. Evans, 5 Humph. 70 ; Hillyer v. Bennett, 3 Edw. Ch. 222 ; Tyler on Infancy, etc., 75.)

IV. The minor was entitled to receive back all that he had paid. (Tyler on Infancy, etc., 75 ; 1 Am. Lead. Cas. 115-6.)

V. If, from anything in the nature of the case, it appear that the elder Kerr should have been made a party to the suit, that point has been waived by the defendant in his failure to demur for defect of parties. (Gen. Stat. 1865, p. 658, §§ 6, 10.)

VI. The whole case is settled by the defendant's acceptance of the surrender tendered by the plaintiff, and his subsequent acts confirming the mutual abandonment of the contract with plaintiff. The abandonment is executed on the part of the plaintiff, and the defendant, while enjoying its advantages in the possession and renting of the farm, yet refuses to perform his share. He can not now be permitted to recede from such an abandonment on any terms.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted in Pike county Circuit Court, asking for a rescission or disaffirmance of a con-

Kerr v. Bell.

tract, and to recover the consideration paid on the contract sought to be rescinded. The ground on which the claim to relief was based by the plaintiff was that he was a minor when he entered into the contract, and that the same was subsequently abandoned by the mutual consent of both parties.

It appears that in the year 1859 William Kerr, the plaintiff, together with John Kerr, his brother, purchased a tract of land from defendant Bell, at the price of $11,000, payable one-third cash, and the remainder in two equal annual installments. The first payment was made, in part, by the conveyance of a house and lot in the town of Ashley, by one Wm. H. Purse, to defendant. The legal title thereof was in Purse, but the equitable ownership was in the Kerr brothers, at the estimated value of $3,500. The residue of the first payment was made in cash. The Kerrs moved upon and took possession of the farm and occupied it until the beginning of the year 1862. Defendant, at the same time, took possession of the Ashley house, and was still in possession at the commencement of the suit.

Notes and a title bond in the usual forms were delivered by the parties, respectively, in the original transaction. William Kerr, the plaintiff, was a minor at the time of the purchase, his brother and co-purchaser being of mature age. Plaintiff reached his majority on the 30th day of May, 1862. A short time after that date he called on the defendant and disaffirmed the entire transaction, delivering to defendant the key of the dwelling-house situated on the farm, and demanding to be restored to his original condition by a reconveyance of one undivided half of the Ashley house and half the money paid, and to be released from his obligation on the notes given for the residue of the purchase money. The defendant accepted the key, took possession of and rented out the farm, has ever since been in peaceable possession, enjoying its rents and profits, and subsequently advertised it for sale. Afterwards, however, he repudiated the disaffirmance, and sued the plaintiff and his brother on the notes given for the purchase money. In that suit he seems to have been defeated. In this condition of things, plaintiff instituted this suit in enforcement of the disaffirmance, and to compel the restoration demanded. Such

are the facts as substantially disclosed by the evidence and the finding of the Circuit Court. At the hearing, the Circuit Court gave judgment for the plaintiff, which was affirmed by the District Court, and the defendant sued out his writ of error.

It is urged as a ground of error, in this court, that the petition was defective, and that the elder Kerr should have been made a party. If that were true it is unavailing now; it was a matter that appeared on the face of the petition, and if the defendant desired to take advantage of it he should have resorted to his demurrer. By failing to do so, he waived the objection. (Gen. Stat. 1865, ch. 165, §§ 6–10.) The original petition, instead of mentioning the Ashley property as part of the first payment, stated that that payment was made in cash. When the evidence had been heard on the trial, plaintiff obtained leave to amend his petition, so as to make it conformable to the facts proved. The amendment was immediately made, the defendant excepting to the leave granted. I can perceive no just ground for complaint in allowing the amendment. The merits or substantial issues were not changed, and the character of the defense was in no degree altered. The plaintiff had the right to make his pleading conform to the facts proved, and the court did not unwisely exercise its discretion. (Gen. Stat. 1865, ch. 168, § 3; Wellman v. Dismukes, 42 Mo. 101.)

It is contended that the brothers Kerr purchased the land in partnership, and that there can be no rescission, because the plaintiff can not place the defendant in *statu quo;* that plaintiff's disaffirmance would leave a contract with the elder Kerr different from that which was originally made, and would operate as an entire change of the condition and position of the parties. When the witnesses used the word "partnership," it is very doubtful whether they comprehended its legal import. But take them at their word and admit that it was a partnership adventure, still I apprehend the solution of the question is not difficult. It may be stated as a general rule that the law considers infants under twenty-one years of age as disqualified for the transaction of business. Their contracts or promises for necessaries, however, such as shelter, food, clothing proper for their station, and such

other means of support and education as may be requisite for them, are valid and obligatory, because it is for their interest that they should be able to bind themselves for things indispensable for their support and comfort, and if this power were denied them they would suffer for the want of them.  But when an infant makes a promise in any business transaction, though not absolutely void, it is voidable by him.  And the contract of partnership is no exception to this rule; it is like all other transactions, and may be made by an infant, for his own benefit, subject to his right to avoid it when he becomes of age.  If a contract be made with a firm, one of the members being an infant, and repudiating his own liability, it has been doubted whether the contract can afterwards be treated as a contract made with the other partners. (Sto. on Part. § 255.)  Mr. Parsons gives it as his decided opinion that it may be so treated.  (Pars. Part. 22.)  The doctrine is very clear that an infant vendor may recover back his property, either real or personal, but in such cases he must refund what he has received.  Such has been the established principle since the decision in the leading case of Stafford v. Roof (9 Cow. 626).  If he has received property and paid for it, he can not avoid the contract and recover the money paid without re-delivering the property.  And it has been held that if the contract be for the purchase of property by the infant, and he perform labor in part payment of the price, and then disaffirm the contract without having received anything under it, he may recover for work on a *quantum meruit*.  (Medbury v. Watson, 7 Hill, 110.)  The rule is thus summed up in a work of merit:  "The only reason why a rescission of a contract in any case gives a right to recover what has passed by the contract, is that the consideration of such transfer has totally failed; and unless the party is restored to the situation which he was in before, the consideration has not wholly failed as to him.  In other words, there can be no avoidance by parol, so as to give a right to recover back property once lawfully transferred and vested so long as any part of the consideration is withheld."  (1 Am. Lead. Cas. 116.)

Now, in the present case, no part of the consideration was

9—VOL. XLIV.

withheld. There was a complete restoration of the whole property, and a most unqualified acceptance of it. As the plaintiff's right to rescind and disaffirm can not be disputed, and as the defendant received all his property back, it is not easy to see on what grounds defendant can retain possession of the notes and the property that he obtained in exchange.

In the decree of the court below the Circuit Judge adjusted the equities between the parties, and set off the rents, and made allowances for whatever waste was committed. Certainly nothing could be more just and equitable, and there is nothing left for complaint. We will not enter into an examination of the relations subsisting between the defendant and the elder Kerr. When that question is presented in a legal form it will be time enough to consider it. Aside from the opinion arrived at above, the plaintiff's right to recover in this suit might be safely placed upon the ground of abandonment. The defendant received the possession of the farm, rented it out, enjoyed the rents and profits, exercised exclusive and absolute ownership over it, advertised it for sale, and had the legal title vested in him. In view of these facts it would be monstrous to say that he might also hold and retain the consideration which passed from the plaintiff.

The judgment will be affirmed. The other judges concur.