STATE OF MISSOURI, to use of GUSTAVE ROECKEL, Respondent, v. ROBERT JACOB, Appellant.

### May 16, 1876.

1. A conveyance which is not invalid on account of fraudulent intent of the parties to hinder or delay creditors, may yet be so because made to the use of the grantor. Hence, it is error to instruct a jury that, if no such fraudulent intent exist, a deed is not void, as being made to the use of the grantor.

2. A parol agreement between the parties, contemporaneous with the execution of a trust deed or mortgage of merchandise, that the grantor may retain the stock and continue to sell in the course of trade, will vitiate the deed, as being made to the use of the grantor, with like effect as if such agreement appeared on the face of the instrument.

3. A suit on account of the taking of personal property held under a deed of trust is rightly brought in the name of the trustee.

4. The better method of proving the value of personal property is by the statements of competent witnesses who can tell what it ought to bring in the market. But, if such testimony be not at hand, proof of a public sale of the property, actually made under legal procedure, may be admitted for the purpose.

5. The court cannot declare in an instruction what articles were sold, or not sold, at a public sale.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Jecko & Hospes*, for appellant, cited : Laws App. (1872), 560 ; Peters *v.* Koch, 47 Mo. 582 ; Potter *v.* McDowell, 31 Mo. 62 ; Billingsby *v.* Bunce, 28 Mo. 547 ; Hall *v.* Webb, 28 Mo. 408 ; Reed *v.* Pelletier, 28 Mo. 173 ; State to use *v.* Tasker; 31 Mo. 445 ; State to use *v.* D'Oench,

31 Mo. 454; Denny *v.* White, 10 Mo. 354; Greeley *v.* McNabb, 13 Mo. 596; Hofelman *v.* Valentine, 16 Mo. 393; Hasse *v.* Semp, 26 Mo. 394.

*Gottschalk,* for respondent, cited: Wag. Stat. 1000, sec. 3; Gibbons *v.* Gentry, 20 Mo. 468; Vorhis *v.* Langsdorf, 31 Mo. 451; State *ex rel. v.* Tasker, 31 Mo. 445.

LEWIS, J., delivered the opinion of the court.

Plaintiff's usee was trustee in a deed of trust executed by one Bechtold, to secure certain promissory notes in favor of Joseph Schnaider, amounting to $700, for money borrowed in the same transaction. The deed covered a leasehold, together with the fixtures, furniture, and stock in trade of a dram-shop and beer saloon. Defendant Jacob was a member of the firm of Samuel Wainwright & Co., who, having obtained four judgments against Bechtold before a justice of the peace, caused executions to be levied on much of the personal property included in the deed of trust. Plaintiff's usee made claim under the statute, and defendants gave the proper bond, upon which, after sale of the property, this suit was brought. The verdict and judgment were for the plaintiff.

The property covered by both the deed and the levy consisted of tables, chairs, stoves, glasses, a clock, and a lot of wines and liquors. It appeared from the testimony of both the trustee and the *cestui que trust* that it was understood and agreed between the parties, when the deed was executed, that Bechtold should retain possession of the property and carry on his business as before, keeping the proceeds of his sales without any accounting therefor. One of the instructions given for plaintiff was as follows:

" The court instructs the jury that although they may believe that Bechtold executed the deed of trust with the intention to hinder, delay, or defraud his creditors, yet, if they also believe that Joseph Schnaider was not aware of such intention on the part of said Bechtold, at the time he took said deed, but that he, said Schnaider, took said deed

of trust for the purpose and with the sole intention of securing himself for money loaned to said Bechtold, then the jury cannot find said deed fraudulent or void on the ground of fraudulent intention, or as being made to the use of said Bechtold.''

So far as this instruction treated of the intentions of the parties, respectively, with their legal bearings upon the question of fraud in fact, it was free from objection. But the addition, '' or as being made to the use of said Bechtold,'' had a direct tendency to mislead the jury. The invalidity of a deed on account of the intention to hinder, delay, or defraud creditors is one thing; its invalidity because of being made to the use of the grantor is another and a different thing. The instrument, so far as the first mentioned cause is concerned, may be absolutely free from taint; and yet, if made to the use of the grantor, it will be void against creditors, simply because the law declares that all such deeds shall be so, whatever the parties may or may not intend with special reference to such creditors. Hence, it could not follow, as the instruction seems to imply, that because there was no invalidating purpose to hinder, delay, or defraud, *therefore* the deed was not void '' as being made to the use of Bechtold.''

The Supreme Court of Missouri has repeatedly held that an agreement between the parties, contemporaneous with the execution of a deed of trust or mortgage conveying merchandise, to the effect that the grantor may retain possession of the stock and continue to sell in his accustomed course of trade, is a conveyance to the use of the grantor, within the meaning of the prohibitory statute. Such will be the effect, even though, as in the case before us, no suspicion of this agreement may arise upon the face of the deed. *State, to use Vouillaire*, v. *Tasker*, 31 Mo. 445; *State, to use Decker*, v. *D'Oench*, 31 Mo. 453; *Reed* v. *Pelletier*, 28 Mo. 177. The testimony brought the conveyance here under consideration clearly within the statutory inhibition, to the extent, at least, of the wines and liquors kept on sale. Yet

the jury might infer from the instruction that the transaction was, in all its features, free from objection, provided, only, that the intentions of the parties, as to creditors, were in harmony with the conditions required by law.

Defendants object that the suit was wrongly brought to the use of the trustee, rather than of the beneficiary, who was the real party in interest. There is no force in the objection. The statute expressly recognizes in the "trustee of an express trust" a right to sue for the protection of his legal interest. Wag. Stat. 1000, sec. 3 ; *Gibbons* v. *Gentry,* 20 Mo. 468. The trustee is as fully authorized as any one can be to swear that he is "in good faith" the owner of the interest which he claims.

We find nothing objectionable in the instructions given for the plaintiff, except as above noted. They included merely the usual rulings—that fraud is not to be presumed, that the burden of proof is on the party attacking the good faith of the transaction, and that a debtor in failing circumstances has the right to prefer a creditor. The instructions given for defendants contained all that they were fairly entitled to, without the addition of those refused. It is true that the better method of proving the value of personal property is by the statement of competent witnesses who can tell what it ought to sell for in the general market. But, when such testimony is not at hand, a public sale actually made, as in the present case, is ordinarily admissible for the purpose. There would have been no propriety in telling the jury that there was no evidence whatever before them of the value of the property sold by the constable. Nor could the court have properly given the instruction which undertook to declare what specific articles were sold or not sold. Those facts were exclusively for ascertainment by the jury, from the evidence.

For error, in giving the first instruction at plaintiff's instance, the judgment must be reversed and the cause remanded. The other judges concur.