Price v. Blankenship.

J. H. PRICE *et al.*, Respondents, v. L. J. BLANKENSHIP, Appellant.

St. Louis Court of Appeals, April 7, 1897.

Mortgage: SALE UPON INSUFFICIENT NOTICE: REDEMPTION: RIGHT OF MINORS TO ELECT TO TAKE SURPLUS PROCEEDS. In a suit by minor heirs, by their next friend, for a surplus alleged to be due from defendant by reason of his sale and foreclosure of a mortgage, executed to him by the father of plaintiffs, where defendant admitted the execution of the mortgage, and pleaded a sale by him upon an insufficient notice and a conveyance to the purchaser, who paid therefor only the amount of the secured debt, wherefore the title so conveyed was subject to redemption by plaintiffs, and that they had no recourse against him; and the deed recited a consideration in excess of the mortgage debt to be paid in cash, no part of which excess was collected or paid to plaintiffs,—*Held:* That plaintiffs had the right to elect to take such excess, and surrender their right of redemption in the land.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED; Judge BLAND concurring, Judge BIGGS dissenting.

CERTIFIED TO SUPREME COURT.

BOND, J.—Plaintiffs, who are minors, by their next friend, and the next friend on her own account, sue for $1,100, which is alleged to be due from defendant by reason of his sale and foreclosure of a mortgage to him executed by the father of the minors, at which sale it is alleged $1,400 was the price for which the

property, was sold, and the sum secured being only $300, a surplus of $1,100 was left, which defendant failed to collect and pay over to plaintiffs.

Defendant, for answer, admitted the execution of the mortgage as alleged, and pleaded a sale by himself as mortgagee upon an insufficient advertisement thereof, and a conveyance of the property under such sale to one J. G. F. Williams, who only paid for such conveyance the amount of the secured debt, wherefore defendant pleaded that the title so conveyed by him was subject to redemption by plaintiffs as the heirs of the mortgagor, and that they had no recourse against him. There was a trial by the court sitting as a jury and judgment for plaintiffs, from which defendant has appealed. The plaintiffs asked no declarations of law, and none were given. Defendant requested six declarations of law, and assigns their refusal as error. The first was a demurrer to the evidence.

The material facts are undisputed. The father and husband of the plaintiffs died intestate, having first given a mortgage to defendant, coupled with a power of sale, dated the twenty-sixth of March, 1884, on eighty acres of land to secure a debt due defendant of about $300. Default having been made in the payment of $262 of this debt, defendant advertised, sold and conveyed the property as mortgagee, the purchaser being one J. G. F. Williams. The deed executed by defendant upon said foreclosure recites that thirty days' notice of sale by advertisement, as required in the mortgage, was given. The affidavit of the printer attached to said deed does not show that the property was advertised for more than twenty-four days. The deed further recites that the property was sold for $1,400 to be paid in cash; that $262 was received and applied to the extinguishment of the secured debt.

MORTGAGE: sale upon insufficient notice: redemption: right of minors to elect to take surplus proceeds.

Plaintiffs represent all the heirs at law of the mortgator. No part of the excess of the sum for which the property was sold over the amount applied to the balance due has been collected or paid to plaintiffs. Upon these facts it is plain that the court did not err in overruling defendant's demurrer to the evidence. The theory of the learned counsel for defendant is that the foreclosure of the mortgage by the mortgagee upon an insufficient notice of advertisement operated to transfer the legal title to the purchaser, leaving the property in his hands subject to redemption on the part of plaintiffs by suit in equity for that purpose. This proposition is undoubtedly correct. *Schanewerk v. Hoberecht*, 117 Mo. *loc. cit.* 30; *Kennedy v. Siemers*, 120 Mo. 73–86; *S. E. & T. Co. v. Donovan*, 120 Mo. *loc. cit.* 427; *Sampson v. Mitchell*, 125 Mo. 233; *Stewart v. Brown*, 112 Mo. 171. But the conclusion drawn therefrom that plaintiffs' only remedy was by action to redeem, is wholly unwarranted. The beneficial owners of the mortgaged estate are entitled upon an unauthorized sale and foreclosure, either to affirm the same and take the proceeds, in which event they would be concluded and estopped from any proceeding against the land in the hands of the purchaser while retaining the proceeds of such sale. Jones on Mortgages, sec. 1920a; *Joyner v. Farmer*, 78 N. C. 196; *Boogher v. Frazier*, 99 Mo. *loc. cit.* 330, 331. Or, they may disaffirm the action of the trustee or mortgagee in selling the property, in which event they would be entitled, upon tendering the debt secured, to bring a bill against the purchaser to redeem the property, on the ground that there could be no foreclosure of the equity of redemption, except upon a sale had in strict accordance with the terms and contract contained in the mortgage. In the present case the plaintiffs elected to pursue the former remedy. When defendant as mortgagee,

intrusted with power of sale, sold and conveyed the property in question, the legal title was thereby conveyed to the purchaser, whether such sale was had upon sufficient or insufficient advertisement, and all further power and authority on the part of defendant to execute his trust was extinguished. *Schanewerk v. Hoberecht*, 117 Mo. *loc. cit.* 30; 2 Perry on Trusts, 602k. Defendant is estopped by his deed of conveyance of plaintiffs' land to question their right to the proceeds of the sale. Neither does it affect his liability for the surplus proceeds, that he has failed to collect from the purchaser. *Thompkins v. Drenner*, 56 Fed. Rep. 694. Nor does it concern his defense to this action that plaintiffs were entitled to proceed in equity against the purchaser of the land. No such suit was brought when this one was instituted. Defendant can not shift his own liability by pointing out a cumulative remedy which plaintiffs might have pursued before bringing the present action. Should plaintiffs hereafter sue the purchaser of the land by bill in equity to redeem, it is clear that no court would set aside the foreclosure without requiring them to refund what had been received under the present proceeding.

We do not see that the fact that most of the present plaintiffs are minors will give them, after recovery here, any right to proceed against the purchaser which they would not have enjoyed if of full age. Both at common law and under our statutes (Revised Statutes 1889, section 1997, *et seq.*), minors may assert any cause of action accruing to them by their guardian or next friend, with the exception, that the guardian must sue in partition cases. *Colvin v. Hauenstein*, 110 Mo. 574. In all other cases they may sue by their next friend as well, who is required to give bond for the payment to them of the money recovered. An infant,

just as an adult, is concluded by the judgment rendered in a suit validly brought on his behalf. This is an elementary law and results from the principle, that all persons permitted to invoke the machinery of the law are bound by the result of the proceedings instituted by them. With reference to the application of this rule to infants it was said by Lord HARDWICKE, in a suit in equity (*Gregory v. Molesworth*, 3 Atkyns, 626): "It is right to follow the rule of law, where it is held an infant is as much bound by a judgment in his own action, as if of full age; and this is general, unless gross laches, or fraud and collusion appear in the *prochein amy*, then the infant might open it by a new bill." This language was adopted by the supreme court of the United States in *Kingsbury v. Buckner*, 134 U. S. 674. And the rule thus announced applied by the federal court of appeals (*Railway v. Morgan*, 76 Fed. Rep. 429), where the infant, by his next friend, having gotten judgment for $100 for loss of his leg, was held to be concluded from second suit after his majority, wherein he asked redress for the same injuries, and alleged that the first suit brought in his name, while an infant, by his next friend, was a pretended one, begun on the advice of the defendant's attorney, so as to effectuate an agreement had with the next friend to take $100 in full for the injuries to plaintiff. It was held that he was concluded by the first proceeding. In the case of *Corker v. Jones*, 110 U. S. 317, the guardian of a minor paid $15,000 for a tract of land, taking the deed to himself as guardian, and on his settlement charged his ward with the purchase money. The ward, while only eleven years of age, sued by next friend to rescind the transaction and compel the guardian to account for the money and take the land on his own account. Decree was rendered accordingly and the guardian went in possession of the land.

Wheñ the infant arrived at full age he brought suit to set aside the decree in his favor in the action brought by his next friend, and sought to recover title to the land. The supreme court refused the relief prayed, holding that he was plaintiff in the first action and secured the relief sued for—a repudiation of the purchase of the land on his behalf—and could not thereafter claim the land. The principle decided in that case would be directly in point, in the event the minor plaintiffs in this action should hereafter seek to recover the land from the purchaser at the foreclosure sale. That question is not before us for authoritative decision, however, in the present case. This is a suit against the trustee alone. That he is liable directly to plaintiffs, we think is clear under the law applicable to the facts shown in this record, and it is equally clear that he is entitled to recourse upon the purchaser at the foreclosure sale for the unpaid surplus.

These conclusions show that the court did not err in refusing the instructions requested by defendant, upon the theory of defense presented by his answer in the present case. The judgment will therefore be affirmed. It is so ordered. Judge BLAND concurs; Judge BIGGS dissents, and is of the opinion that the decision is opposed to that of *Kerr v. Bell*, 44 Mo. 120, and he is also of the opinion that title to real estate is involved. The cause will therefore be certified to the supreme court.

BIGGS, J. *(dissenting)*.—The fact is undisputed that the sale of the land under the mortgage was made under an insufficient notice. It is stated in the majority opinion that this sale was inoperative to pass the equity of redemption, and that the only effect of the deed made by the mortgagee and the payment of the mortgage debt by the purchaser, was to transfer

the legal title of the land to the purchaser, and to operate as an equitable assignment of the mortgage debt to him. To this I agree. As to other questions decided, I dissent.

The theory of my associates is that the minor plaintiffs had the right to elect to take the amount of the bid in excess of the mortgage debt, thereby surrendering or releasing their right of redemption in the land. To sustain this proposition it must be held that an infant has the power to make a final and irrevocable decision in regard to his estate, and that in doing so he may release or forego his interest in land. This is against the fundamentals of the law. The argument that the infant plaintiffs would be concluded by a judgment in their favor for the surplus money is fallacious, for the reason that it must rest on the implication or assumption of a valid right of action in them for the recovery of the money, which I deny. In all cases (including those cited in the opinion) where minors have been held to be concluded by the litigation to which they were parties, their right to maintain the suit or to be sued in respect of the subject-matter of the action was unquestioned. Thus in *Kansas City Railroad Company v. Morgan*, 76 Fed. Rep. 429, Morgan sued the railroad company to recover damages for personal injuries. In defense of the action the railroad company interposed a former judgment for the same injuries. Morgan received the injuries during his minority, and his father, who acted as next friend, had prosecuted an action in Morgan's name for damages for the injuries, and he recovered a judgment therefor. The supreme court of Kansas rightfully held that Morgan was bound by the result of that litigation. So in *Gregory v. Molesworth*, 2 Atkyns, 625, it was held that an infant was bound by a judgment in his favor as to his personal estate. There his right

to sue in respect to the property was unquestioned. In *Kingsberry v. Buckner*, 134 U. S. 650, the plaintiff during his minority brought a suit to remove a cloud upon the title to certain real estate which he claimed to have inherited from his father. It was averred that the defendants claimed some interest in the land adversely to the plaintiff. The defendants appeared and set up their title, and upon a trial they made good their claim. The court held that the plaintiff was concluded by the decree in that case. The right to bring this suit was likewise unquestioned. These are the only cases cited which have any bearing on the question.

Again, I very much question the right of a person who is *sui juris* to make such an election. The mortgagor is entitled to the surplus proceeds arising from a foreclosure sale upon the theory that such surplus represents his equity of redemption. If the sale, as a foreclosure sale, is invalid, upon what principle can he lay claim to the surplus, or assert that there is a surplus? What does the purchaser buy at such a sale? Nothing but the mortgage debt and the right to have the legal title to the mortgaged land transferred to him as security for the debt. If his bid exceeds the debt, to whom does the excess belong? Certainly not to the mortgagor, for his rights as the owner of the equity of redemption have not been prejudiced in the least. Upon what principle, then, can he elect to release his equity in the land and demand the excess? The authorities cited in the opinion of my brother judges do not announce any such principle. Mr. Jones, in his work on mortgages (section 1920a), merely asserts that where the mortgagor *receives* the surplus proceeds of an invalid sale with knowledge of the defects, or if he retains the money after such knowledge has come to him, he will be afterward estopped to deny the

validity of the sale. The learned author does not say that the mortgagor could demand and receive such surplus as a matter of right. In *Joyner v. Farmer*, 78 N. C. 196, the mortgagee bought at his own sale. The extent of the decision in that case is that the sale was voidable and not void, and that it could be confirmed by the owner of the equity of redemption, either *first*, by release under seal; *second*, by such conduct as would make the assertion of his right fraudulent; *third*, by long acquiescence after full knowledge. *Boogher v. Frazier*, 99 Mo. 325 is an entirely different case. The deed of trust there was given to secure several notes. The beneficiary transferred one of the notes to plaintiff. The trustee sold the land at the sole request of the original *cestui que trust*. The plaintiff sued the trustee, the *cestui que trust*, and the purchaser at the trustee's sale for the amount of his debt. After recovering judgment for the entire amount of his debt and collecting the bulk of it, he brought suit to set aside the sale by the trustee and for a resale of the land for the payment of the balance of his debt. Under these circumstances the supreme court held that he was estopped to aver the invalidity of the sale by the trustee.

It seems to me that this record involves the decision of questions that ought to be decided by the supreme court. It may well be said that title to real estate is involved. The judgment can only be sustained upon the idea that the plaintiffs (all of whom are laboring under disabilities as to the disposition of their real estate) have the right by an election of remedies to release their equity of redemption in the mortgaged property. On that theory the judgment has the effect of working a divestiture of their title. Moreover, when these infants become of age they may seek to redeem the land. If so the supreme court would

certainly have exclusive appellate jurisdiction of that case. The present case involves the same question and in my judgment the ends of justice would be best subserved by transferring this appeal to the supreme court, where all questions involved can be finally and authoritatively settled. *Gray v. Worst*, 129 Mo. 122. Besides, the majority opinion in my judgment violates the spirit of many decisions in this state, notably that of *Kerr v. Bell*, 44 Mo. 120, which recognizes the well established law that an infant may revoke his contracts after attaining his majority. The logic of my brother judges is that plaintiffs may *irrevocably elect* to take the surplus and thereby *release* their interest in the land. Their opinion can not rest on any other ground. Hence I think that the decision is opposed to that of the supreme court in *Kerr v. Bell, supra.*