W. H. Byrd, Respondent, v. Bankers and Shippers Insurance Company, Appellant.*

Springfield Court of Appeals.   May 20, 1930.

*Corpus Juris-Cyc References: Evidence, 22CJ, section 142, p. 185, n. 53; Insurance, 33CJ, section 792, p. 81, n. 78; Parties, 47CJ, section 73, p. 38, n. 55; section 383, p. 200, n. 59; Pleading, 49CJ, section 121, p. 122, n. 55.

*Henson & Woody* for appellant.

452

*McKay & McKay* for appellant.

BAILEY, J.—This is an action on a theft insurance policy covering an automobile. The petition charges that on October 22, 1926, the defendant insurance company issued its open policy of insurance made payable to ''The National Bond & Investment Company for the benefit of the several parties in interest'' covering a certain Ford Roadster which provided, among other things, that the insurance company would pay ninety per cent of the factory list price of such motor vehicle, not including accessories and extra equipment in the event of loss from theft; that the list price of said car was $360, and ninety per cent thereof was $324. It is further alleged that the car was stolen on the 11th day of November, 1926; that the car was located later on the 20th day of December, 1926; that plaintiff demanded its return of the defendant but it was not returned; that plaintiff demanded payment for said car which was not made; that defendant wrongfully delivered the car to the National Bond & Investment Company; that said car was reasonably worth $324, for which judgment was prayed. Defendant filed an answer setting up as a defense that the policy was issued to the National Bond & Investment Company, which held plaintiff's note and mortgage on the car, for the primary purpose of protecting the interest of said Investment Company in the car and that plaintiff had no interest therein until after the debt due said Investment Com-

pany had been fully paid; that plaintiff was in default in installment payments due on the car; that after said automobile was recovered and "before same could be returned to plaintiff by defendant, said National Bond & Investment Company took said automobile from the possession of the defendant under and by virtue of the chattel mortgage given by plaintiff on said automobile to secure the payment of the installment note etc." Upon the issues thus raised trial was had to a jury, which resulted in a verdict for plaintiff in the sum of $324, the full amount claimed. Defendant has appealed.

The first question raised in defendant's assignment of errors is that there was a fatal defect of parties plaintiff. We think this point was waived by defendant. The defect, if any, clearly appears on the face of the petition, and, under our code, should have been taken advantage of by demurrer. [Sec. 1226, R. S. 1919.] Such defect is waived when defendant fails to demur but joins issue by answer. [Flint v. Sebastian, 300 S. W. 798, 317 Mo. 1344; Rideout v. Burkhardt, 255 Mo. 116, 164 S. W. 506; Kerr v. Bell, 44 Mo. 120.]

But in any event, plaintiff could maintain this action in his own name. Until the mortgage was paid he occupied the position of trustee of an express trust for the benefit of the Indemnity Company and recovery by him would constitute a bar to any further suit on the policy. [Anthony v. Insurance Co., 48 Mo. App. 65; Still v. Ins. Co., 185 Mo. App. 550, l. c. 558.]

It is unnecessary to set forth more than a mere summary of the facts, as to which plaintiff and defendant are practically in agreement. Plaintiff had paid but one installment on the car and was in default. There can be no doubt the National Bond & Investment Company had the right to demand the possession of the car, under their mortgage and defendant, in so far as this record shows, was guilty of no wrong in delivering possession to such Investment Company. The evidence indicates the car was thereafter sold, under foreclosure sale, and brought the sum of $241 and that the net proceeds was $196.31. There was also evidence that the car was worth the full list price at the time it was stolen and, we think, defendant's original liability after the theft was therefore the full amount of the policy, to-wit: $324.

By plaintiff's instructions the jury was authorized to render a verdict for this full amount, with no reduction on account of the money received from the sale of the car and applied to plaintiff's debt. Under no theory was plaintiff entitled to recover the full amount of the policy and leave out of consideration the reasonable value of the car at the time it was taken from defendant. Without further discussing the instructions, it is our opinion that the measure of damages should be based upon the reasonable cash value of the

car at the time it was stolen, not exceeding the amount of the insurance, less the reasonable value of the car at the time it was taken from defendant. [Finn v. Indemnity Company, 297 S. W. 175.]

The reasonable value of the car, including accessories to the amount of $56, was, according to plaintiff, $475 at the time it was stolen. Plaintiff was not entitled to recover for accessories not covered by the policy. The reasonable value at the time the car was stolen would, therefore, be $475 less the sum of $56, or $419, which was almost the exact value set forth in the insurance policy. While the evidence is not clear as to the reasonable value of the car at the time it was recovered, the amount received at the mortgage sale was some evidence of its reasonable value at the time it was taken from defendant's possession. [State v. Jacob, 2 Mo. App. 183, l. c. 186; Rickey v. Tenbroeck, 63 Mo. 563; Strothers v. McFarland, 194 S. W. 881; Rosenblatt v. Wenstanley, 186 S. W. 542; Non-Royalty Shoe Co. v. Phoenix Assurance Co., 210 S. W. 37; Stevens v. Springer, 23 Mo. App. l. c. 385.]

This amount was $241. The costs of the sale are not to be considered since defendant was not responsible for such sale. Deducting from the reasonable value of the car at the time it was stolen, the amount received from the sale of the car, to-wit: $241, we have a difference in plaintiff's favor of $178, which is the limit of the amount to which he was entitled. The difference between that sum and the amount of the verdict is $146. It is therefore our opinion that if plaintiff will remit the sum of $146 within ten days from the rendition of this opinion, the judgment shall be affirmed; otherwise, it should be reversed and remanded for new trial. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.

### ON MOTION FOR REHEARING.

BAILEY, J.—In defendant's motion for rehearing the point is made that this court, in placing the value of the car at the time it was stolen at $419, was in error, because the plaintiff pleaded in his petition that the car was worth only $324. It is urged that plaintiff cannot be permitted to place a greater value on his car in testifying in the case than he pleaded its value to be. The point is well taken. Plaintiff is bound by the value of the car pleaded in his petition, which was $324. Since the car sold for $241, the difference in plaintiff's favor was $83, plaintiff having recovered a judgment in the sum of $324, this court should require a remittitur of $241, representing the difference between what plaintiff actually received and what he should have received.

The point is also made that defendant was entitled to credit for the sum of $73.61, paid the National Bond & Investment Company for expense in recovering the car. We do not consider this to be a

proper deduction in defendant's favor because this amount was expended in recovering the car and not in payment of any amount of insurance due. It is our order that if plaintiff will remit the sum of $241, within ten days from the filing of this opinion, the judgment will be affirmed, otherwise it will be reversed and remanded.

The motion for rehearing is overruled. *Cox, P. J.,* and *Smith, J.,* concur.