

appealable. Rhode Island then moved before me for a certificate pursuant to Fed. Rules Civ.Proc. rule 54(b), 28 U.S.C.A. that the order in so far as it requires a bond is final and that there is no just reason for delay in having it reviewed by the Court of Appeals.

Prof. Moore is of the view that the purpose of the rule is to empower the District Judge, presumably familiar with the litigation, to determine "when one branch of it * * * is * * * ripe for appellate review." * That appears to be so.

While I do not agree with Rhode Island's contention that I lacked authority to require the bond, I do agree that the order is as final on that point now as it ever will be. Accordingly, I think that Rhode Island should have an opportunity now to seek review of that portion of my order of February 26, 1951, which requires Rhode Island to post a bond or other security as a condition to filing an answer in this suit.

Submit appropriate certificate.

John W. Hudson, Kansas City, Mo., for plaintiff.

Farrington & Curtis and Richard Farrington, Springfield, Mo., for defendants.

REEVES, Chief Judge.

The above motions, and suggestions of the parties, have been examined. The affidavits and other data indicate that the defendants and their witnesses are not endangered with respect to their legal demands for the reason that the plaintiffs are solvent.

On the motion to require the joining of Atlas Mutual Insurance Company as a party plaintiff, it appears from an examination of the briefs and a competent document that the plaintiffs did have insurance, and that a part of their claimed loss has been paid. However, it was paid by the insurance company in the way of extending a loan to cover in part said loss. By a document submitted the insurance company quite clearly has authorized the plaintiffs to bring this action and a part recovery, if any, would inure to the benefit of the insurance company. Under such circumstances the plaintiffs are empowered under Rule 17, Federal Rules of Civil Procedure, 28 U.S.C.A., to maintain the action in their names.

Paragraph (a) of said Rule 17 particularly provides that, "a trustee of an express trust" may bring suit in his name without joining the beneficiary. Such are

**MERRIMAN et al. v. CITIES SERVICE GAS CO. et al.**

No. 972.

United States District Court
S. D. Missouri, W. D.

March 22, 1951.

---

* Moore's Commentary on the Judicial Code 517.

the rulings in Missouri, as well as the holdings of the federal courts. See Anthony v. German American Ins. Co. of New York, 48 Mo.App. 65; Still v. Connecticut Fire Insurance Company, 185 Mo.App. 550, 172 S.W. 625; Byrd v. Bankers' & Shippers' Ins. Co., 224 Mo.App. 451, loc. cit. 453, 28 S.W.2d 423, and Dixey v. Federal Compress & Warehouse Co., 8 Cir., 132 F.2d 275; Augusta Broadcasting Co. v. United States, 5 Cir., 170 F.2d 199. The act of the insurer in extending a loan is a practice approved by the courts.

It would follow that the several motions above discussed should be and will be overruled.

## HARTIG v. SCHNOECKNECHT.
### Civ. No. 2500.

United States District Court
D. Connecticut.

March 12, 1951.

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., Morris Tyler, New Haven, Conn., for plaintiff.

David E. FitzGerald, Jr., New Haven, Conn., for defendant.

HINCKS, Chief Judge.

Under federal practice, which fosters pleadings of great succinctness, a defendant in a negligence case, more often than not, cannot know upon what facts the plaintiff will predicate his claims of negligence without an examination before trial. This case was no exception and the plaintiff's deposition, taken on notice by the defendant, was taken, I think, "for use in the case", within the meaning of 28 U.S.C.A. § 1920(2), even if it was not offered in evidence or otherwise referred to in the course of the trial.

Perhaps the court has discretion to abate the cost occasioned by so much of the examination as was unconscionably discursive or prolonged. But this I find not to be the case here. A review of the deposition shows that its greater part was highly germane: only a comparatively trifling part was concerned with matters never connected with the issues in the case. Merely because a line of inquiry proves unproductive, its attempted development is not necessarily oppressive and hence unconscionable. And I find no basis for such a view of the defendant's conduct of this examination.

It Is Accordingly Ordered that the petition to review be dismissed and that the taxation by the Clerk be confirmed.