HEMAN *et al.* v. WADE *et al., Appellants.* *

Division One, December 7, 1897.

1. **Appellate Jurisdiction:** INVOLVING TITLES. The title to real estate is not involved within the meaning of the Constitution governing appeals, unless the result of the litigation may directly, without subsequent proceedings, affect the title.

2. ———: ———: INJUNCTIONS AGAINST WASTE. While a suit in ejectment was pending, plaintiffs brought this suit praying that defendants be enjoined from committing waste until the title to the real estate could be determined. The prayers for both temporary and permanent injunction were granted, and defendants appealed to the court of appeals, which sent the case to this court. No question of the amount of damages was involved, but the bill charged that defendants had removed twenty-two thousand cubic yards of rock from the quarry, the title to which was involved in the ejectment suit. *Held*, that the amount in dispute could not be said to exceed $2,500, nor was the title to the quarry involved, and consequently the court of appeals was the proper appellate court in the injunction suit.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

* NOTE—This case grew out of the ejectment suit of *Heman v. Wade*, 140 Mo. 340.

*Alfred Gfeller* for appellants.

*T. J. Rowe* for respondents.

MACFARLANE, J.—At the time this suit was commenced there was a suit in ejectment pending in the circuit court of the city of St. Louis, in which plaintiffs herein were seeking to recover from defendants herein the possession of certain lots in said city of St. Louis.

In the action now before us plaintiff undertook by injunction to restrain the defendants from the commission of waste on the premises pending the ejectment suit. A temporary injunction was granted which was made final on the hearing. From the judgment defendants appealed, and the record was sent to the St. Louis Court of Appeals. That court having doubt of its jurisdiction, transferred the cause to this court for final hearing and determination.

Judge BIGGS, of the court of appeals, makes the following statement, which we adopt:

"Our jurisdiction is denied on the grounds that more than $2,500 is involved, and that the title to real estate is involved within the meaning of the constitutional amendment fixing and limiting the jurisdiction of this court. The plaintiffs claim title to and the right to the immediate possession of the lots by virtue of a deed executed by the Hydraulic Press Brick Company to them, dated April 16, 1894. The deed was the consummation of a previous contract of sale entered into between the Hydraulic Press Brick Company and one Patrick H. Clark. The latter assigned the contract of sale to the plaintiffs. The defendants claim under a lease executed by the brick company. This lease was executed on March 23, 1894, and by its terms the lots in question were leased to the defendants for three years from that date at an annual rental of $900. The

outstanding contract with Clark was mentioned in the lease and the defendants agreed that if Clark or his assignee should establish his right to the property under the contract or should consummate the sale, they would surrender the possession. The lease gave the defendants the right, under certain restrictions, to quarry the rock on the premises. After the plaintiffs received their deed they demanded the possession of the property and the defendants refused to surrender it. Thereupon the plaintiffs instituted the action of ejectment and also an action of unlawful detainer, both of which are still pending. The defendants continued to quarry the rock and at the time this suit was instituted had taken out twenty-two hundred cubic yards. The defense to the present proceeding is that at the time the lease was executed the contract of sale made with Clark was considered by the Hydraulic Press Brick Company as forfeited, and that it was in fact by its terms forfeited prior to that time, and that the extent of the defendants' covenant in the lease was that they would surrender the possession upon condition *only* that Clark should establish in the courts his right to have the contract performed, which neither he nor the plaintiffs attempted to do." *Heman v. Wade*, 63 Mo. App. 363.

In reference to the first jurisdictional question suggested, Judge BIGGS says: "We would not be justified in transferring the case to the Supreme Court on the ground that more than $2,500 is involved, for the reason that we have no means of determining how much is really involved, or that the amount will certainly exceed the jurisdictional limit. The plaintiffs claim that the damage already done and that which was threatened was irreparable and could not be estimated. What the probable loss of the defendants would be by reason of the injunction, is not shown."

It may be said further that no money judgment was rendered for damages against appellants, and they can only be entitled to such a judgment after the final dissolution of the injunction. Defendants are the appellants, and no question of the amount of damages is involved.

Nor do we think the title to real estate is so involved as to give this court jurisdiction of the appeal. It is true the right of plaintiffs to injunctive relief may depend upon his title to the land, and his right to its possession, yet the title is only incidentally or collaterally involved. The suit is merely in aid of the pending ejectment suit, and is not intended to try and determine the title to the land. Neither plaintiffs nor defendants ask to have the title established, nor does the judgment rendered undertake to do more than to prohibit waste, until the title is determined in the ejectment suit.

It is sometimes difficult to determine when the title is involved within the true intent and meaning of the Constitution, but the rule is now well settled that the Supreme Court has no jurisdiction on this ground, unless the result of the litigation may directly, without subsequent proceeding, affect the title to real estate. The determination of a purely personal or pecuniary right, though dependent upon the condition of the title to land, does not involve that title unless it may in some way be affected by the judgment. *Hilton v. St. Louis*, 129 Mo. 391; *May v. Jarvis-Conklin Trust Co.*, 138 Mo. 447.

It is therefore ordered that the cause be transferred to the St. Louis Court of Appeals for its determination. All the judges of this division concur.