Price v. Blankenship.

---

PRICE et al. v. BLANKENSHIP, *Appellant.*

Division One, May 24, 1898.

1. **Appellate Jurisdiction**: TITLE TO REAL ESTATE. Before appeals can be entertained by this court on the ground that title to real estate is involved, it must appear that the title to the real estate will in some way be directly affected by the judgment to be rendered in the case. Though the title may be incidentally, collaterally, or necessarily inquired into at the trial, for the purpose of settling the issues involved, yet if the judgment rendered by the trial court can be satisfied by the payment of money without affecting the title to the real estate, the appeal is to one of the courts of appeals. (Again overruling *Gray v. Worst*, 129 Mo. 122.)

| | |
|---|---|
| 144 | 203 |
| 146 | 58 |
| 147 | 636 |
| 148 | 515 |
| 149 | 449 |
| 149 | 609 |
| f150 | 425 |
| 144 | 203 |
| f83a | 379 |
| 144 | 203 |
| 157 | 168 |
| 158 | 323 |
| 158 | 366 |
| 86a | 377 |
| 86a | 379 |
| 86a | 381 |
| 144 | 203 |
| 170 | ¹227 |
| 171 | ¹463 |
| 171 | ¹688 |

Price v. Blankenship.

2. ———: ———: DEED OF TRUST: SALE BY TRUSTEE. Where a trustee under a deed of trust, given to secure a debt of $250, sells the property for $1,400 after the sale has been advertised for twenty-four days, although the trust deed required thirty days notice, and receives only enough cash to pay the debt and costs, and the mortgagor sues him for the balance and obtains judgment for the amount, the title to real estate is not so involved as to give defendant an appeal to this court, although the purchaser is in possession of the land, and in his answer defendant pleads that the effect of the sale, because of the insufficiency of the notice, was to transfer the mortgage to the purchaser, and that the equity of redemption still remained in the mortgagor.

3. Deeds of Trust: DUTIES OF TRUSTEE: PROCEEDS OF SALE. Where a deed of trust requires the trustee, in the event of sale, to apply the proceeds to the payment of the expenses of the trust and the debt, and to turn over the surplus to the mortgagor or his heirs, the heirs of the mortgagor, after his death, may recover judgment against the trustee for such surplus of the full amount bid, although at the sale he only received enough cash to pay the debt and costs, but made and delivered a deed to the purchaser.

4. ———: ———: ———: DEFENSES. And although such sale by the trustee, without having given notice thereof for the length of time required by the deed of trust, could be set aside in a proper proceeding and the transaction treated as a mere assignment of the mortgage to the purchaser, yet such defense is not available to the trustee in a suit by the minor heirs for the surplus.

5. ———: ———: ———: LIABILITY OF TRUSTEE. The trustee is liable to the mortgagor for the surplus after paying the debt and costs, whether he receives it or not, if he makes a deed to the purchaser for the amount of his bid.

6. ———: ———: ———: ———: SUIT BY MINORS. And a suit by the minor heirs of the mortgagor for such surplus, can be maintained by next friend, and a judgment for them in no wise interferes with the doctrine announced in *Kerr v. Bell*, 44 Mo. 120.

*Transferred from St. Louis Court of Appeals.*

AFFIRMED.

*Pepper & Steele*, *N. Gibbs* and *T. M. Allen* for appellant.

*Cloud & Davies* for respondents.

MARSHALL, J.—Joseph H. Price executed a mortgage, with power of sale, on certain land in Barry county, to defendant to secure a debt of $250 and interest. Price died leaving a widow and children, some by a prior marriage, and the plaintiffs, who are minors. Defendant sold the property under the mortgage for $1,400 but only required the purchaser to pay $300, just enough to satisfy his mortgage debt, interest and costs, and then made a deed to the purchaser, who entered into the possession of the land. The mortgage required thirty days notice of sale to be given, but defendant gave only twenty-four. The minor heirs by their next friend sued defendant to recover $1,100, the balance of the price the land brought at the foreclosure sale. Defendant set up that he had only received $300; that the notice of sale was insufficient and therefore the effect of the sale was simply to transfer the mortgage to the purchaser, and that the equity of redemption still remained to the plaintiffs. The plaintiffs obtained judgment in the circuit court for $1,364. Defendant appealed to the St. Louis Court of Appeals. That court affirmed the judgment below, Judge BIGGS dissenting, and the cause was certified to this court because of the opinion of Judge BIGGS that the title to real estate is involved in this action, as construed by this court in *Gray v. Worst*, 129 Mo. 122, and that the decision of the St. Louis Court of Appeals is in conflict with the decision of this court in *Kerr v. Bell*, 44 Mo. 120.

I.   The first question for our determination, therefore, is, whether the title to real estate is involved in this action so as to confer jurisdiction upon this court under section 12, article VI, Constitution 1875.

The decision in *Gray v. Worst*, 129 Mo. 122, undoubtedly affords room for the opinion of Judge

BIGGS in this case. That case was an action for the conversion of a crop which had been severed from the realty. It sounded in damages, and could only be satisfied by the payment of money. Yet it was held that it involved the title to real estate. That case was decided on the seventh of June, 1895. It did not long remain an authority in this State, for on the twenty-fifth of June, 1895, the case of *Hilton v. St. Louis*, 129 Mo. 389, was decided. That case was a controversy between two claimants to a fund paid into court in a condemnation proceeding; that is, two parties claimed the *res* resulting from a condemnation of land. MACFARLANE, J., delivering the opinion of the court, said: "The Constitution does not declare that the jurisdiction exists if a question of title is involved in the trial, but that the case tried must involve the title. We take the provision to mean that the title to real estate must, in some way, be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence. This seems to be the view this court has uniformly taken. *Bobb v. Wolff*, 105 Mo. 52; *Blondeau v. Sheridan*, 103 Mo. 134; *Bailey v. Winn*, 113 Mo. 161; *State ex rel. v. Rombauer* 124 Mo. 598." *Gray v. Worst, supra,* was not referred to in *Hilton v. St. Louis, supra,* notwithstanding the principles decided in the two cases are antipodes. But it is clear that the decision in *Gray v. Worst* was in conflict with the prior adjudications of this court, which were not referred to or overruled in *Gray's* case.

The matter, however, did not rest here. On June 8, 1897, *Fischer v. Johnson*, 139 Mo. 433, was decided. It was an action in replevin for a crop which had been severed from the land, and it was claimed that as the ownership to the land determined who had the right to the crop grown on the land, the title to real estate was involved. BRACE, J., speaking for the Court *in Banc,*

quoted the language of MACFARLANE, J., in *Hilton v.
St. Louis*, 129 Mo. 391, and added: "To this list" (the
cases cited by MACFARLANE, J.) "might be added the
earlier cases of *Corrigan v. Morris*, 97 Mo. 174; *Dunn
v. Miller*, 96 Mo. 324; *State ex rel. v. Court of Appeals*,
67 Mo. 199, and perhaps others, as well as the recent
case of *Barber Asphalt Co. v. Hezel*, 138 Mo. 228.   The
action of replevin lies only for the recovery of 'spe-
cific personal property.' R. S. 1889, sec. 7479.   It is
well settled that while title to real estate may be inquired
into in such action for the purpose of determining the
title to personal chattels, it can not be made the means
of determining the title to real estate.   Wells on Re-
plevin, secs. 58, 79 *et seq.* A crop severed from the land
is a personal chattel, and a proper subject of the action
of replevin, and while the title to it may depend on the
ownership of the land, the title of the land is not within
the issues to be tried, and the judgment thereon can
in no way affect such title. . . . . . . . Consequently a
title to real estate is not involved in this case within
the meaning of the Constitution, article VI, section 12.
. . . . . . . *This conclusion is not in harmony with the rul-
ing in the first paragraph of the opinion in Gray v.
Worst, 129 Mo. 122, which is accordingly overruled.*"
All the judges concurred in this opinion except the
writer of the opinion in *Gray's* case, who filed a
dissenting opinion.

*Heman v. Wade*, 141 Mo. 598, decided December 7,
1897, was a suit in equity to enjoin waste pending an
ejectment suit.   MACFARLANE, J., said:   "Nor do we
think the title to real estate is so involved as to give this
court jurisdiction of the appeal. It is true, the right of
plaintiffs to injunctive relief may depend upon their
title to the land and their right to its possession; yet
the title is only incidentally or collaterally involved.
The suit is merely in aid of the pending ejectment suit,

and is not intended to try and determine the title to land. Neither plaintiffs nor defendants ask to have the title established, nor does the judgment rendered undertake to do more than to prohibit waste, until the title is determined in the ejectment suit. It is sometimes difficult to determine when the title is involved, within the true intent and meaning of the Constitution, but the rule is now well settled that the Supreme Court has no jurisdiction on this ground, unless the result of the litigation may directly, without subsequent proceeding, affect the title to real estate. The determination of a purely personal or pecuniary right, though dependent upon the condition of the title to land, does not involve that title unless it may in some way be affected by the judgment."

*State ex rel. v. School District*, 143 Mo. 89, was a proceeding by *mandamus* to compel the levy of a tax to pay a sum allowed relator by the commissioners in a condemnation suit. WILLIAMS, J., followed *Hilton v. St. Louis, supra; Heman v. Wade, supra*, and *Fischer v. Johnson, supra*, and said: "If relator should be successful in this action, he will be entitled to a peremptory writ of *mandamus*, compelling the levy of a tax to pay the same. If defeated, the judgment will simply deny said relief. In neither event will the title to real estate be directly affected."

Thus it appears that *Gray v. Worst*, 129 Mo. 122, was not in harmony with the rulings of this court made prior to that decision, that it was not followed at the same term of this court in *Hilton's* case, that it was expressly overruled in *Fischer v. Johnson*, 139 Mo. 433, and the principle it decided has been uniformly held exactly the other way since then, in *Heman v. Wade, supra*, and in *State ex rel. v. School District, supra*. It is now firmly settled that to give this court jurisdiction under section 12 of article VI of the Constitution,

because the title to real estate is involved, it must appear that the title to real estate will, in some way, be directly affected by the judgment to be rendered in the case. It was not sufficient that the question of title may be incidentally, collaterally or necessarily inquired into to settle the issues. The judgment to be rendered must directly affect the title itself to the real estate. If the judgment rendered by the lower court could be satisfied by the payment of money without affecting the title to real estate, the case would not fall within our jurisdiction under this provision of the Constitution. Applying these principles to the case before us, it is plain that the title to real estate is not involved in the litigation. The suit is to recover $1,100 in money. The judgment can be satisfied with money and the title to the land out of which the money arose will be no more affected than was the case in *Hilton v. St. Louis, supra.* It follows that this court had no jurisdiction over this case for this reason, and that the majority opinion of the St. Louis Court of Appeals was right in this respect.

The opinion of the St. Louis Court of Appeals, as expressed by Judges BLAND and BOND, is not in conflict with the opinion of this court in *Kerr v. Bell*, 44 Mo. 120. That was a case where a minor made an exchange of property with a person *sui juris.* Immediately upon attaining his majority the minor disaffirmed the contract, restored what he had received under it and demanded a return of his property. This is a case where minors sue to recover the excess over the secured debt resulting from a sale of the land under a mortgage made by their father during his life. There is no contract made by a minor which may be avoided on his attaining his majority. The contract was made by their father, and is not void or voidable.

VOL. 144 mo—14

The heirs' interest is in the surplus of the money resulting from the sale of the land after the mortgage debt had been paid. True, the mortgage required thirty days notice to be given before the property could be sold, and only twenty-four days notice was actually given, and for this reason the sale could be set aside in a proper proceeding and the transaction treated as a mere assignment of the mortgage and not an absolute transfer of the land, but that defense is not available to this defendant. He sold the land for $1,400, collected only $300, and, notwithstanding, made a deed to the land to the purchaser, and the latter is in possession of it. The defendant should have collected the whole $1,400 before making or delivering the deed. The mortgage which gave him the power to sell the property required him to apply the proceeds, *first*, to the expenses of the trust; *second*, to the payment of the debt and interest secured; and, *third*, to turn over the balance, if any, to the mortgagor or his heirs. Having made the deed without requiring full payment from the purchaser, the defendant made himself liable to the heirs of the mortgagor for the surplus remaining after the payment of the expenses and the secured debt and interest, if they elected to claim it. The majority opinion of the court of appeals in so holding was undoubtly correct. The heirs, though minors, are entitled to this surplus from defendant. If upon attaining their majority they should attempt to set aside the sale because it was improperly and defectively advertised and made, they would have to refund what they had received before they could maintain such an action. If they recover in this action the purchaser will be in no worse position than he would have been in if the defendant had done his duty and collected the whole purchase price and turned over the surplus to the heirs. But this is no concern of the defendant.

He failed in his duty.   He is liable to the heirs for the surplus whether he received it or not, for he made the deed that enabled the purchaser to get possession of the land.  It is not his privilege to defend now against probable or possible dangers that may arise to the purchaser.

It is perfectly manifest therefore, that the case of *Kerr v. Bell*, 44 Mo. 120, has no application to this case, nor the least bearing upon or relationship to it.

The majority decision of the St. Louis Court of Appeals announced a correct conclusion.

The judgment of the circuit court is therefore affirmed.'  All concur.