Cox v. Barker.

Cox, Appellant, v. BARKER et al.

Division One, June 14, 1899.

**Appeals:** JURISDICTION: TRESPASS: TITLE TO REAL ESTATE. Although the title to real estate may be incidentally, collaterally or necessarily inquired into for the purpose of settling the issues involved in an action of trespass, still if the judgment of the trial court can be satisfied by the payment of money without affecting the title, the appeal therefrom is to the proper court of appeals.

*Transferred from St. Louis Court of Appeals.*

REMANDED.

SMOOT, MUDD & WAGNER for appellant.

The question of title in this action is not involved. McAninch v. Smith, 19 Mo. App. 240; Sage v. Tucker, 110 Mo. 407; Hampton v. Massey, 53 Mo. App. 501.

JOHN M. JAYNE for respondents.

MARSHALL, J.—This case was certified to this court by the St. Louis Court of Appeals on the ground that the title

to real estate is involved.   It is an action of trespass on land.
The parties are owners of adjoining parcels of land, and for
many years maintained a partition fence.   In 1884 the de-
fendant removed a portion of the fence.   The plaintiff replaced
it but placed it a few feet further west of the line of the old
fence.   Defendant notified plaintiff that he was putting the
fence on his, defendant's, land, and that if a survey proved
this to be true he would hold the fence.   A subsequent survey
proved defendant's claim was correct, and he thereupon tore
the fence down and carried away the materials.   Plaintiff
then instituted this action, claiming twenty-five dollars for the
materials and fifty dollars damages for the trespass.   The trial
court found for the defendant, and plaintiff appealed to the
St. Louis Court of Appeals.   The Court of Appeals held that
as the liability of the defendant depended upon the ownership
of the land, and as "it was competent for defendant to show
in defense of the action a superior title and right of possession
in themselves [Fuhr v. Dean, 26 Mo. 116; More v. Perry,
61 Mo. 174]," the title to real estate was involved, and hence
this court alone had jurisdiction, and therefore certified the
case here.

## I.

In Price v. Blankenship, 144 Mo. 203, this court reviewed
the question here involved and held that although the title to
real estate may be incidentally, collaterally, or necessarily
inquired into in a trial for the purpose of settling the issues in-
volved, still if the judgment rendered by the trial court could
be satisfied by the payment of money without affecting the
title to the real estate, the case would not fall within our
jurisdiction under section 12 of Article VI of the Constitu-
tion.   It was further held that to give this court jurisdiction
for this reason, "the judgment to be rendered must directly
affect the title itself to the real estate."

This decision was rendered after this case had been certified to this court, or we may properly assume this case would not have been sent here.

In determining the question of trespass here complained of, it may be conceded that an inquiry into the title may be necessary, but the title itself will not be affected by any judgment that could be rendered in this case. Therefore the case does not involve the title to real estate and does not come within the jurisdiction of this court. Hence the case will be retransferred to the St. Louis Court of Appeals. All concur.