JACOB BALZ et al., Respondents, v. NELS NELSON et al., Appellants.

St. Louis Court of Appeals, December 18, 1900.

1. **Jurisdiction of Appellate Court: JURISDICTION OF SU-PREME COURT: CONSTITUTION OF MISSOURI: TITLE TO REAL ESTATE.** In the case at bar, from the record proper, it appears that the issues submitted and decided, and upon which plaintiff's right to relief depended, was title or no title in defendant Sophia Nelson under the deeds to her, which plaintiffs alleged to be fraudulent. This presents "a cause of proceedings," the appellate jurisdiction of which is exclusively vested in the Supreme Court of this State under the Language of the Constitution and the Amendments of 1884, giving that tribunal the sole cognizance of appeals or writs of error "in cases involving the title to real estate." As this want of jurisdiction appears upon the record proper this court is bound to take notice of it and to refrain from rendering a judgment in a cause whereof it is without jurisdiction of the subject-matter. It is accordingly ordered that the record and proceedings in the present case be transmitted to the supreme court in conformity with the statute providing therefor in cases of appeal to the wrong appellate court. (Revised Statutes 1899, section 1657.)

Balz v. Nelson.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

Transferred to the supreme court.

*S. T. G. Smith* for appellants.

*C. S. Broadhead* and *Percy Werner* for respondents.

BOND, J.—1. The petition alleges that plaintiffs are judgment creditors of defendant Nels Nelson in the sum of $600; that the latter, with a view to defraud plaintiffs and other creditors, in conjunction with his wife and co-defendant, fraudulently conveyed certain city lots to another co-defendant, Emma Decker, who on the next day fraudulently reconveyed said real estate to Sophia Nelson, the wife of the judgment debtor. The petition alleges that said Nels Nelson has no other property than that so conveyed, out of which plaintiffs' judgment can be satisfied. It concludes to-wit: "Wherefore plaintiffs pray that said conveyances be adjudged fraudulent and void as against plaintiffs; that the same be set aside and for naught held; that the property therein mentioned (then follows description of land), be ordered to be sold for the satisfaction of said judgment of plaintiffs, and that defendants be in the meantime enjoined and restrained from disposing of said property or. paying out any of the proceeds thereof, or in any wise interfering therewith, and for such other and further relief as may be just and proper in the premises."

The answers were general denials, except the admission that Nels and Sophia Nelson were husband and wife. On the hearing there was a decree establishing plaintiffs' right to recover upon their judgment against Nels Nelson, and ad-

judging the deed to Emma Decker and also her reconveyance to Sophia Nelson, to be *"fraudulent and void"* as to plaintiffs, and further commanding the sheriff to sell so much of the property covered by said deeds as should be necessary to satisfy the decree and costs.

2.    By section 5 of the amendments to the Constitution adopted in 1884, *"exclusive jurisdiction"* is given to the supreme court of all cases previously reviewable by it upon appeal or writ of error from the decision of the St. Louis Court of Appeals.    One of the classes of causes of which exclusive appellate jurisdiction was thus vested in the supreme court is defined in the Constitution, to-wit:    *"In cases involving title to real estate"* (Constitution 1875, section 12).    The only ground of relief claimed in the petition is the invalidity of the deeds purporting to vest title to certain real estate in defendant Sophia Nelson.    The petition attacks these muniments of title as fraudulent and void, and prays that the property conveyed by them, or so much thereof as may be necessary, may be sold and the proceeds applied to the payment of a judgment against one other than the grantee in said deed.    There is no cause of action in plaintiffs if the deeds attacked vest title in Sophia Nelson, for plaintiffs have no judgment or claim against her, and could not, therefore, subject her property to their demands against another. If this does not narrow the contest to one of title to the real estate which the deeds purport to convey, then it is useless to speak of the right of a judgment creditor by bill in equity to *annul* the fraudulent conveyance of his debtor's real estate and *divest* the title thereto out of a fraudulent grantee. Moreover, the decree shows that this was the exact question *decided* by the lower court which granted plaintiffs the relief prayed.    It appears, therefore, from the record proper (the pleadings and the decree), that the issues submitted and de-

cided, and upon which plaintiffs right to relief depended, was title or no title in defendant Sophia Nelson under the deeds to her, which plaintiffs alleged to be fraudulent. The decree in express terms *directly* adjudged this issue against the ostensible title holder. This presents "a cause of proceeding," the appellate jurisdiction of which is exclusively vested in the Supreme Court of this state under the language of the Constitution and the amendments of 1884, giving that tribunal the sole cognizance of appeals or writs of error *"in cases involving the title to real estate,"* and such has been the uniform construction by that court of this provision. As this demonstration of our want of jurisdiction appears upon the record proper we are bound to take notice of it and to refrain from rendering a judgment in a cause whereof we are without jurisdiction of the subject-matter, for which reason any judgment by this court would be a mere nullity.

That the appeal in this case should have been taken rightfully to the supreme court will appear from a few decisions of that court defining its appellate jurisdiction in cases of this class. The point is stated with much clearness and logical exactness by Marshall, J., in Price v. Blankenship, 144 Mo. l. c. 209. The rule there laid down distinctly differentiates the cases which fall to the supreme court under the language of the Constitution, and those which should go to the courts of appeal. As to the first it is said: "The judgment to be rendered *must directly affect the title to real estate.*" As to the second it is said in substance: That neither collateral inquiries as to title, for the settlement of other issues, nor judgments satisfiable by payment of money, *"without affecting the title to real estate,"* are sufficient to give the supreme court jurisdiction. The essence of this rule is, that to give the supreme court jurisdiction it must appear that the title to real estate is affected by

the judgment rendered, either in terms, or as the immediate and necessary legal effect of the rendition of the judgment itself. If the mere entry of the judgment of itself affects or transmutes the title to real estate without words of formal divestiture or investiture, it logically follows that such a judgment directly affects the title to real estate as fully as if it contained a formal statement to that effect. For in either event the judgment is necessarily the direct, immediate and efficient cause of the future status of the title dependent on it. The rule stated by Judge Marshall is not only sustained by the authorities cited by him, but also by the case of May v. Trust Company, 138 Mo. 275, in which it was applied to a suit to enjoin a sale under a deed of trust on the ground that the secured debt had been paid. After citing precedents showing that the appeal in that case was properly taken to the supreme court, Judge Macfarlane concludes, to-wit: "But a mortgage or deed of trust is a conveyance of land upon condition. The conveyances are made by the owner and operate as a transfer of the title to the real estate. After condition broken, the grantee therein is entitled to the possession. The deed is a muniment of the right and title of the mortgagee, or the beneficiary in the deed of trust, and any suit, the direct object of which is to defeat or cancel the deed, necessarily and directly involves the title to the land (Hanna v. Land Co., 126 Mo. 9). Title to real estate is clearly involved in this suit, and this court has exclusive jurisdiction of the appeal." It was again applied by the assumption of jurisdiction on the part of the supreme court of an appeal from a decree compelling the beneficiary of a deed of trust given to secure a note for $2,000, to acknowledge satisfaction or reconvey on the ground that the note had been paid. The pecuniary limit of the jurisdiction of this court being in excess of the amount in controversy in that case, the deter-

mination of the appeal by the supreme court could only have been upon the ground that it acquired that right because the title to real estate was involved. The opinion is by Brace, J., speaking for Division No. 1. See Bank v. Ben. Mut. Life Ins. Co., 145 Mo. 127. In two later cases (146 Mo. 57; 150 Mo. 424), it was ruled that appeals in actions for trespass, where title was a collateral inquiry, should not be taken to the supreme court, an unquestionably correct application of the rule stated in Price v. Blankenship, *supra*. In another case, Valliant, J., after deciding that a judgment for $985 for damages to land, the trial of which involved a collateral inquiry as to title, did not on that account bring the appeal within the constitutional provision under review, adds, in entire harmony with previous rulings, to-wit: "A suit in equity, for example, wherein the validity of a mortgage or other deed affecting title to real estate is in question, is within the provision of the Constitution." Edwards v. Railway, 148 Mo. l. c. 516. In the subsequent case (Gay v. Savings and Building Ass'n., 149 Mo. 606), opinion by Valliant, J., it seems to be held that a suit in equity to enjoin and annul a deed of trust upon real estate on the ground that it had become invalid by payment, does not present any issue involving the title to real estate, and the same doctrine is stated with more directness in a still later opinion of the same learned Judge, Bonner v. Lisenby, 57 S. W. Rep. 735. In the latter case the learned judge describes the proceeding, to-wit: "This is a suit to cancel a deed of trust on the ground that the debt it was given to secure has been paid." Upon this premise the ruling is: "The decree in this case can not affect the title to the land, there is no question of title to be decided," adding that the only question presented was one of mere payment of the debt. In view of the settled law that payment of a deed of trust of itself destroys the

validity of the conveyance and entitles the former owner to a release of record or a reconveyance of the property, and in view of the ruling of Judge Marshall, *supra*, the ruling of Judge Macfarlane, *supra*, the ruling of Judge Brace, *supra*, and finally the ruling of Judge Valliant, himself, in the above quotation from 148 Mo. l. c. 516, we were wholly unable to perceive the consistency of the conclusion reached in Bonner v. Lisenby, *supra*, the opinion in which does not advert in any way to the opinion of Judge Macfarlane, *supra*, expressing a diametrically opposite view on the same state of facts, nor to that of Judge Brace *supra*, assuming a directly repugnant opposition.   Our reference to these rulings is not because of their applicability to the case in hand—for they have none— but that the supreme court may announce a definite and authoritative rule for our future guidance in cases pending before us for a cancellation of deeds of trust on real estate on the ground of payment of the secured debt.   If the judgment in such suits does not involve the title to real estate, and the judgment in suits where such deeds are attacked for fraud, does involve title to real estate, although both judgments simply annul the same muniments of title; or, if a decree invalidating a deed of trust for fraud is appealable to the supreme court, and a decree invalidating a deed of trust for payment is appealable to this court, it seems to us that jurisdiction of the appeal would be made to depend, not upon the fact and legal scope of a judgment which directly affects the title to real estate, but upon the particular ground, or antecedent reason, for the rendition of such a judgment.   If it is the opinion of the supreme court that there is a valid distinction in principle between the two classes of cases, we shall, of course, conform our future rulings to its mandate. At any rate, we encounter no difficulty in disposing of the case now before us.   For in this case the attack upon the deeds to the defendant's wife is for fraud, and the issue thus

made was adjudged by the lower court in favor of plaintiffs, and we are aware of no ruling by the supreme court which does not assert exclusive jurisdiction in itself to dispose of appeals or writs of error in a case of that sort. This is recognized and acted upon in a very recent case by Valliant, J. (Crothers v. Busch, 153 Mo. 603). To the same effect Beland v. Anheuser Busch Brewing Association, 58 S. W. Rep., page 1. See also, Paving Company v. Hezel, 138 Mo. l. c. 231, 232, and cases cited. State ex rel. v. Rombauer, 124 Mo. 598; Truesdale v. Brennan, 153 Mo. 600. It is accordingly ordered that the record and proceedings in the present case be transmitted to the supreme court in conformity with the statute providing therefor in cases of appeal to the wrong appellate court (Revised Statutes 1899, section 1657).

Judge *Bland* concurs; Judge *Biggs* dissents.

### SEPARATE OPINION BY BIGGS, J.

I can not agree with my associates on the question of jurisdiction in this case. The test established by the supreme court is, that if the judgment of the circuit court can be satisfied by the payment of money, the title to real estate is not involved, and the courts of appeal have jurisdiction. In this case the amount of plaintiff's judgment was made a charge against the real estate. The title was not thereby *directly* affected, and could not be, except there should be further proceedings, i. e., a sale of the land under execution. Assuredly this judgment could be satisfied by the payment of money. May v. Trust Company, 138 Mo. 477; Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Cox v. Barker, 150 Mo. 424.