F. M. BRUNER GRANITOID COMPANY v. KLEIN et al.; PECK et al., Executors, Appellants.

Division One, November 26, 1902.

1. **Appellate Jurisdiction**: MECHANIC'S LIEN: DEVISE TO TRUSTEES: SUIT AGAINST EXECUTORS.   In a suit involving less than $4,500, brought against the contractor and executors only, to establish a mechanic's lien upon land which has been devised to trustees for the use of certain beneficiaries, the appeal is not to the Supreme Court.   The question of whether the executors or trustees are the owners does not so involve the title to real estate as to give the Supreme Court jurisdiction.   That is only incidentally involved.

2. ————: TITLE TO LAND. The Supreme Court has jurisdiction of appeals on the ground that title to real estate is involved only when the judgment itself affects the title to land, and not simply when that judgment is adjudged to be a lien on land.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*S. T. G. Smith* and *Thos. S. Meng* for appellants.

*Alexander Young* for respondent.

VALLIANT, J.—Suit to enforce a mechanic's lien. Defendant Klien was the original contractor and Charles H. Peck the owner of the real estate sought to be charged. Peck died soon after the work was completed, leaving a will whereby the real estate was devised to trustees for the use of certain beneficiaries. Stephen Peck and John A. Peck qualified as executors of the will. The notice of plaintiff's claim and intention to file lien was served on the executors only. Klein, the original contractor, and the two executors were the only defendants. The judgment was for the plaintiff for $233.72 against Klein personally, and establishing the lien against the real estate. The executors appealed.

Section 4221, Revised Statutes 1899, provides that the notice in such case shall be given to the owner of the property sought to be charged with the lien. Appellants contend that the executors were not the owners of the land within the meaning of that section, hence, there was no notice. The cause comes here on the assumption that it is a case "involving the title to real estate" within the meaning of section 12, article 6, of the Constitution. It may become necessary in the trial of the case to decide whether or not the notice was served on the owner of the property, and in deciding that question it would be necessary to ascertain who was the owner, but these would be side issues in the case, like the in-

quiry into the title to the land in an action of trespass.

This court has often held that title to real estate within the meaning of the clause in the Constitution above referred to is not involved in suits to enforce such liens against the land. And we now repeat what we have frequently said before, that this court has jurisdiction under that clause only when the judgment itself affects the title to the land. The following are some of the cases on these points: State ex rel. v. Court of Appeals, 67 Mo. 199; Baier v. Berberich, 77 Mo. 413; Syenite Granite Co. v. Bobb, 97 Mo. 46; Corrigan v. Morris, 97 Mo. 174; Bailey v. Winn, 101 Mo. 649; Price v. Blankenship, 144 Mo. 203; Vandergrif v. Brock, 158 Mo. 681.

The title to real estate is not involved in this suit and the amount in dispute being less than $4,500 the cause is transferred to the St. Louis Court of Appeals. All concur.