## PORTER v. KANSAS CITY & NORTHERN CONNECTING RAILROAD COMPANY, Appellant.

### Division One, May 27, 1903.

1. **Appellate Jurisdiction:** REAL ESTATE: OBSTRUCTION TO ROADWAY: to recover $500 damages, does not involve title to real estate. And AS AFFECTED BY ANSWER. A suit against a railroad to compel it to remove obstructions to a certain roadway to plaintiff's lands and an answer which asserts that the land was bought from plaintiff's curator by deed in which was reserved a roadway to his other lands, but that no such reservation was included in the order of the probate court authorizing the sale, and praying that plaintiff be compelled to elect under which he will claim, the deed of his curator or the order of the court, and if he elects to claim under the order of the court that the reservation of the roadway in the deed be annulled, does not contain anything on which to build a decree affecting title to real estate, for those averments in the answer do not amount to a statement of an equitable counterclaim.

2. ———: ———: ———: MUST BE AFFECTED BY JUDGMENT ITSELF. In order to bring a case within the appellate jurisdiction of the Supreme Court on the ground that title to real estate is involved, the judgment rendered in the case must affect title to land. It is not sufficient that the title be the subject of collateral inquiry in the trial.

Transferred from Kansas City Court of Appeals.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*H. T. Herndon* and *J. G. Trimble* for appellant.

*E. C. Hall* and *Roland Hughes* for respondent.

VALLIANT, J.—The petition states that while plaintiff was a minor his curator, by order of the probate court, sold a strip containing 2.79 acres off the east end of a tract of 20 acres belonging to plaintiff, to the Northern Townsite Company, reserving a roadway across the strip sold, for ingress and egress to and from the rest of the tract; that defendant railroad company has constructed along this strip so sold its tracks and other railroad appurtenances, and by that means has obstructed the plaintiff in the use and enjoyment of his roadway so reserved, to his damage, $500. "Wherefore plaintiff prays the court to compel the defendant to remove all of said obstructions, and for judgment for five hundred dollars, and for all other proper relief."

The answer of the defendant states substantially that the Northern Townsite Company purchased the 2.79-acre strip as agent for defendant, for the purposes of defendant as a railroad company, to lay its tracks and operate its trains upon; that a roadway across the same was reserved to the plaintiff for ingress and egress to and from his land; that defendant has constructed a good crossing over its tracks for the use of plaintiff, and that he has a roadway as it was agreed he should have; that the plaintiff and his curator knew the purpose for which the land was bought by the Northern Townsite Company; that the amount paid by defendant therefor, $1,500, was understood as full compensation not only for the 2.79 acres, but also for the damage to the remaining portion of plaintiff's land.

The answer then goes on to say that the order of the probate court was a direction to the curator to sell the 2.79 acres, no reservation being mentioned, but that the reservation was inserted in the deed by the curator.

Vol 175 mo—7.

The answer concludes with a prayer that the plaintiff be required to elect whether he will stand on the deed ordered by the probate court or on that made by his curator, and if the former that the deed be corrected by striking out the reservation of the roadway.

The cause seems to have been tried on the theory that it was a suit in equity. The trial resulted in a decree denying the prayer for an injunction, but a finding in plaintiff's favor of $300 as "temporary damages," and judgment against the defendant for that sum. From that judgment the defendant took an appeal to the Kansas City Court of Appeals, but after the record was lodged in that court the defendant filed a motion there to transfer the cause to this court on the ground that title to real estate was involved, which motion was sustained.

No judgment that could be rendered in this case would affect the title to the land described in the petition. If the plaintiff should obtain a judgment for all he asks it would be only to require the defendant to remove certain obstructions and pay the plaintiff $500 damages. Incidental to the determination of the plaintiff's demand that the defendant be required to remove its tracks, the court might find it necessary to look into the deed from the curator to the Northern Townsite Company to see whether the disputed clause was a reservation or an exception, but whether on examination it should be found to be the one or the other no adjudication as to the title would follow. Nor is there anything in defendant's answer upon which to build a decree affecting the title to the land. The answer admits that the deed contains a reservation to the plaintiff of a right of way sixty feet wide across the 2.79-acre strip to and from his land, but says that the reservation was inserted in the deed by the curator without the authority of the probate court, and prays that the plaintiff be required now to say whether he will stand on the deed as made by his curator or take a deed as ordered by the probate

court and if he chooses to take what the court ordered, that the deed be reformed to conform to that order, which would be to strike out the reservation clause entirely. Those averments amount to nothing more than an argumentative plea to the effect that the reservation of the easement, which defendant concedes, is more than plaintiff is really entitled to by the order of the court under which the land was sold. The averments in the answer do not amount to a statement of an equitable counterclaim to reform a deed (as was the case in Miller v. Railroad, 162 Mo. 424) and were not so intended; they are merely statements of facts defensive in their character. The whole defense set up in the answer could have been shown under a general denial. It has been frequently held by this court that in order to bring a case within its appellate jurisdiction on the ground that title to real estate is involved, the judgment to be rendered in the case must itself affect the title to the land; that it is not sufficient that the title be the subject of a collateral inquiry in the trial. The following are some of the recent cases in which this subject is discussed: Balz v. Nelson, 171 Mo. 682; Klingelhoefer v. Smith, 171 Mo. 455; Bruner Granitoid Co. v. Klein, 170 Mo. 225; Davis v. Watson, 158 Mo. 192; Ozark Land & L. Co. v. Robertson, Id. 322; Turney v. Sparks, Id. 365; Vandergrif v. Brock, Id. 681; Cox v. Barker, 150 Mo. 424; Gay v. Building Association, 149 Mo. 606.

The cause is within the jurisdiction of the Kansas City Court of Appeals, and is therefore transferred to that court for its consideration.

All concur, except *Robinson, J.,* absent.