STATE OF MISSOURI ex rel. FRANK L. PULLEY, Prosecuting Attorney, Appellant, v. EVA K. THOMPSON and JOHN B. THOMPSON, Respondents.

In the Kansas City Court of Appeals, November 6, 1922.

COURTS: Jurisdiction: Roads and Highways: Title to Real Estate: On Appeal in an Action to Compel Opening of a Public Highway Where the Title to Adjoinng Strips of Land is Involved, Under the Constitution, Jurisdiction is in the Supreme Court. In an action in equity brought in name of State by the prosecuting attorney to

compel the opening of a public highway to the full width of sixty feet, the width at which it is claimed the road was established by Act of March 17, 1845 (Session Laws (1844-45, p. 356), and in accordance with provisions of section 28, article 2, chapter 151, Revised Statutes 1845, p. 975, the question as to whether ownership of strips of land adjoining the highway as narrowed after the change and turning thereof, as authorized by section 24, of the Act of April 27, 1877 (Laws 1877, p. 399), which is practically the same as section 10633, Revised Statutes 1919, remained in abutting owner who had by permission of county court, built a fence inside of and on the highway, or whether the strips of land vested in the public for the purposes of a highway, involves title to real estate within the meaning of the Constitution, and jurisdiction is, in such case, in the Supreme Court.

Appeal from the Circuit Court of Clinton County.—*Hon. Alonzo D. Burnes*, Judge.

TRANSFERRED TO SUPREME COURT.

*D. H. Frost* and *Frank L. Pulley* for appellant.

*R. H. Musser* for respondent.

PER CURIAM:—This is an action in equity brought in the name of the State by the prosecuting attorney of Cinton County to compel the opening of a public highway to the full width of sixty feet, the width at which it is claimed the road was established. The defendants are the adjacent landowners and are in possession of and claim to own the strips of land in controversy adjacent to the road as now opened on the ground, and which relator seeks to have included within the right of way of said road.

The road in question is a part of the State road from Plattsburg to St. Joseph and was established by Act of the 13th General Assembly of the State of Missouri, approved March 17, 1845. See special laws of that session, p. 356. The act provided that the laying off and opening of said road should be governed by the general law in reference to the opening of State roads, and the law at

that date required all State roads to be marked out sixty feet wide. [See sec. 28, art. 2, chapter 151, R. S. 1845, p. 975.]

As established, the road ran west along the south side of the Southwest quarter of the Southwest quarter of Section 14, Township 55, Range 32, in Clinton, and, at the southwest corner of said section it turned and ran in a northwesternly direction through the Southeast quarter of Section 15 in said township and range until it reached a point on the west side of said quarter section about a quarter of a mile north of the southwest corner thereof and thence it proceeded on north.

At the time the road was established in 1845, the land was unfenced.

In 1878, Mr. Charles W. Shepherd owned the above-mentioned land, and in November of that year, petitioned the county court of Clinton County to allow him to turn said road from its northwesternly course through said 160 acres so that it would run on his own land along the south line of said southeast quarter of Section 15 to the southwest corner thereof and thence north to the point where the road continued north along the west side of said section. This proceeding to thus turn the road was for the purpose of enabling Shepherd to cultivate and enclose the 160 acres above mentioned, and was authorized by Section 24 of the Act of April 27, 1877, Laws 1877, p. 399, which is practically the same as section 10633, Revised Statutes 1919. The county court authorized the turning of the road as sought and Shepherd turned it accordingly. Intending to plant a hedge fence along the north and west sides of the road as turned, he built a fence some distance outside of the line of the roadway, but, thereafter neglected to plant the hedge, and the fence, as located considerably inside of and on the highway, remained there so that the road as opened on the ground where the change was made was much narrower than the State road as established. Subsequently the land was sold to the present owners' devisor with full notice of the fact that the fence was not on the true line of the road.

The present action seeks to take the two strips of ground thus held and claimed to be owned by the adjacent landowners, the defendants herein, and make them a part of said highway. The circuit court decided for defendants and dismissed the bill. Plaintiff has appealed.

It seems to us that jurisdiction to determine this case is in the Supreme Court. The question in dispute here is whether or not the two strips of land in controversy at the time the road was changed remained in Shepherd the then owner, or whether they became vested in the public for the purposes of a highway. Defendants contend that they remained the property of the landowner, and that the strips now belong to them, while plaintiff insists that they were dedicated to or became vested in the public, and are a part of the right of way of said road. If the result of litigation may directly, without subsequent proceedings, affect the title to real estate, then title to real estate is involved within the meaning of the Constitution, and jurisdiction is, in such case, in the Supreme Court. [Heman v. Wade, 141 Mo. 598.] Where title to real estate is, in some way affected by the judgment to be rendered in the entire case as made by the pleadings and evidence, then, under the Constitution, jurisdiction is in the Supreme Court. [Price v. Blankenship, 144 Mo. 203, 206.] In Moberly v. Lotter, 266 Mo. 457, 464, it is said that: "A cursory view may lead to the conclusion that in this class of cases only the easement and not the fee is affected; but while the fee remains in the owners, their right to the use and exclusive possession of the lands is either lessened or taken away, and as a consequence the title is affected to the extent of the injury inflicted. A condemnation of lands for a public sewer may not, after the work is completed, affect the owner's interest therein to the same extent as in the class of cases mentioned, but the injury is of a like character, differing only in degree and sufficiently interferes with the owner's proprietary rights

to authorize the holding that the title to the land is involved.''

We think the language there used is applicable to the case at bar. Accordingly, the case is ordered transferred to the Supreme Court.