JACOB WEIL and BENJAMIN R. STRAUSS v. FRED A. RICHARDSON, Sheriff of Jackson County, and GEORGE D. M'ILRATH, Appellant.—7 S. W. (2d) 348.

Division Two, May 25, 1928.

*Frank G. Warren* and *John C. Nipp* for appellants.

*Ringolsky, Friedman & Boatright* for respondents.

BLAIR, J.—This case comes to the writer upon reassignment. It is a suit to enjoin the Sheriff of Jackson County from selling under execution certain real estate in Kansas City. Judgment was rendered in the trial court permanently enjoining such sale. An appeal was granted to the Kansas City Court of Appeals, and that court transferred the case to this court on the ground that it did not have appellate jurisdiction.

The correctness of the conclusion of the Kansas City Court of Appeals that title to real estate is involved is the first question for determination. This calls for a statement of the issues raised by the pleadings and the nature of the judgment rendered in the trial court. From the pleadings, it appears that appellant George D. McIlrath obtained a judgment against Mendelsohn-Strauss Realty Company, a corporation, in the sum of $547 and costs, as commission for services rendered said corporation in his capacity as real estate agent. An execution on said judgment was issued and appellant Richardson, as sheriff, levied upon and advertised for sale all the right, title and interest of Mendelsohn-Strauss Realty Company in and to the real estate described in the petition.

Thereupon respondents Weil and Strauss filed their petition in the case at bar and a temporary injunction was granted. The amended petition alleges in substance that plaintiffs (respondents) are the owners of said real estate and that Mendelsohn-Strauss Realty Company has no title or interest therein, that the charter of said corporation had been forfeited before said judgment was rendered, that said judgment is void and that a sale of the right, title and interest of said Mendelsohn-Strauss Realty Company in and to said real estate un-

der said execution would cast a cloud upon their title. Thereupon they prayed the court to enjoin said execution sale.

The answer of the sheriff is conventional and merely justifies his official action on the ground of obedience to the writ of execution. Defendant McIlrath pleaded the existence of the judgment in his favor against Mendelsohn-Strauss Realty Company for $547 and costs and alleged that the same is unsatisfied. He admitted that, prior to April 19, 1921, the title to the real estate described in the petition was in Mendelsohn-Strauss Realty Company. He also admitted the recording of certain instruments purporting to convey said title to Weil and Strauss. He admitted that he had caused the levy upon and advertised sale of said real estate as the property of Mendelsohn-Strauss Realty Company.

Said McIlrath then alleged facts (not necessary to state in detail) challenging the validity of the alleged conveyance of the real estate to Weil and Strauss by Mendelsohn-Strauss Realty Company, on the ground that said deed was without consideration, fraudulent and void. He prayed that the temporary injunction be dissolved and a permanent injunction be denied and that said deeds ''be declared to be fraudulent and void as against this defendant and that the property referred to herein be declared to be the property of the Mendelsohn-Strauss Realty Company and that this defendant be permitted to sell said property to satisfy the execution referred to herein and that this defendant have such further and different relief as to the court may seem just and equitable.''

The trial court found as a fact ''that the charter of incorporation issued to the Mendelsohn-Strauss Realty Company by the Secretary of State of Missouri, was legally forfeited on December 2, 1913, that the judgment heretofore rendered in the Circuit Court of Jackson County, Missouri, at Kansas City, in favor of the defendant, George D. McIlrath and against the said Mendelsohn-Strauss Realty Company, in Cause 160609, recorded in Book 512 at page 187, was and is a nullity and void and no execution could lawfully issue thereunder.''

The trial court made no finding whatever concerning the validity of the deeds purporting to convey the title to the real estate from Mendelsohn-Strauss Realty Company to respondents Weil and Strauss. Because the judgment under which the execution was issued was deemed to be null and void, the trial court perpetually enjoined the sheriff and McIlrath from selling said real estate under the execution aforesaid and ''from doing any act or thing, under the said judgment and execution, or under any other execution issued in said cause, to-wit, George D. McIlrath v. Mendelsohn-Strauss Realty

Company, in so far as the title and interest of said corporation, purported or otherwise, in and to the aforesaid property, is concerned."

It is manifest that the trial court did not undertake to determine the title as between Mendelsohn-Strauss Realty Company and respondents Weil and Strauss. The latter did not appeal and the supposed issue of title dropped out of the case. The judgment appealed from only determined that the judgment under which the execution was issued was null and void. That judgment certainly did not involve the title to real estate.

But even if the trial court had found, as prayed by respondents, that the sale should be enjoined because the real estate belonged to respondents and the judgment debtor, Mendelsohn-Strauss Realty Company, had no interest therein, yet the title to real estate would not be involved within the meaning of Section 12, Article VI, of our Constitution. The rule is well stated in Heman v. Wade, 141 Mo. 598, 43 S. W. 162, as follows:

"Nor do we think the title to real estate is so involved as to give this court jurisdiction of the appeal. It is true the right of plaintiffs to injunctive relief may depend upon his title to the land, and his right to its possession, yet the title is only incidentally or collaterally involved. The suit is merely in aid of the pending ejectment suit, and is not intended to try and determine the title to the land. Neither plaintiffs nor defendants ask to have the title established, nor does the judgment rendered undertake to do more than to prohibit waste, until the title is determined in the ejectment suit.

"It is sometimes difficult to determine when the title is involved within the true intent and meaning of the Constitution, but the rule is now well settled that the Supreme Court has no jurisdiction on this ground, unless the result of the litigation may directly, without subsequent proceeding, affect the title to real estate. The determination of a purely personal or pecuniary right, though dependent upon the condition of the title to land, does not involve the title unless it may in some way be affected by the judgment."

In Price v. Blankenship, 144 Mo. 203, 45 S. W. 1123, and after quoting the foregoing from Heman v. Wade, supra, it was said:

"It is now firmly settled that to give this court jurisdiction under Section 12 of Article VI of the Constitution, because the title to real estate is involved, it must appear that the title to real estate will, in some way, be directly affected by the judgment to be rendered in the case. It was not sufficient that the question of title may be incidentally, collaterally or necessarily inquired into to settle the issues. The judgment to be rendered must directly affect the title itself to the real estate."

314

Had the trial court denied a perpetual injunction and dissolved its temporary injunction, would such judgment "without subsequent proceeding" have affected the title to the real estate? Not at all. An actual sale of the interest of Mendelsohn-Strauss Realty Company in said real estate under the execution would have been necessary before the title would have been affected. The title itself could not have been affected by the mere denial of the injunction. It could only have been affected by a subsequent proceeding.

Price v. Blankenship, supra, was followed and quoted approvingly in Snodgrass v. Copple, 203 Mo. 480, 101 S. W. 1090. It was there held that this court did not have appellate jurisdiction of an appeal taken from the action of the trial court in sustaining a motion to quash the levy of an execution on property of the judgment debtor, claimed by him to be exempt as a homestead. The court said:

"Defendant's title will not be divested by the judgment in the case, but the judgment will leave the defendant's property exposed to the sheriff's levy and the result of that levy with the sequence may be to divest the defendant of his title. But that is the indirect not the direct effect of the judgment."

In Davis v. Watson, 158 Mo. 192, 59 S. W. 65, it was said:

"This court in construing the provisions of Section 12 of Article 6 of the Constitution, has frequently held that its jurisdiction of a case on appeal is not determined by the fact that the title to real estate has been drawn in question by the answer filed therein, or that a determination of the fact of title to real estate was necessary to the proper consideration of the issues involved in the controversy. It is not enough that title to real estate may be drawn in question, or inquired into during the progress of a case, but the judgment sought or rendered must directly affect or operate upon the title itself."

In Turner v. Morris, 222 Mo. 21, 121 S. W. 9, it was said:

"We have repeatedly held that before an appeal can be entertained by this court on the ground that title to real property is involved within the meaning of that section of the Constitution, the record must show that the title to the real estate mentioned in the pleadings will be directly affected by the judgment or decree to be rendered in the cause. And, although the title thereto may be incidentally, collaterally, or unnecessarily (necessarily) inquired into at the trial, for the purpose of determining the issues involved, yet, if the judgment or decree rendered by the trial court does not directly affect the title to the real estate, and can be satisfied by the payment of money, then the appeal should go to the Court of Appeals." (Parenthetical correction ours.)

In Jones v. Hogan, 211 Mo. 45, 109 S. W. 641, it was said:

"Title to real estate is not involved in this case. True the petition attacks the defendant's title and prays that it be taken from her and vested in the plaintiff, but the decree as finally rendered leaves the title vested in the defendant just as the court found it, and it only imposes a lien on the property in favor of the plaintiff. The plaintiff has not appealed from that decree and the defendant does not question it in that respect; the title is, therefore, as between these parties finally adjudicated and there is no dispute about it. Title to real estate is not involved within the meaning of the Constitution that defines the jurisdiction of this court unless the judgment itself affects the title."

The foregoing cases (except the Snodgrass case) are those relied upon by the Kansas City Court of Appeals in its opinion ordering the case transferred to this court. None of those cases are like the case at bar on their facts. But the rule announced cannot be distinguished because of such difference in facts. In each and every one of them, this court held that it did not have jurisdiction of the appeal.

We have frequently held that suits to subject real estate to the lien of judgments, special tax bills and the like are not suits involving title to real estate within the meaning of Section 12, Article VI, of the Constitution. This suit is at most nothing more than an action to prevent the lien of the judgment being enforced against the real estate in question. A suit to avoid the lien of a judgment could not possibly involve title to real estate, if a suit to enforce the same lien would not do so.

This Division has recently been over this question in King v. Hayes, 319 Mo. 569. We there held that a suit to subject real estate to the lien of a judgment did not involve the title to real estate. From that case and the authorities cited in support thereof, the rule appears firmly established that our appellate jurisdiction does not become fixed by the fact that title to real estate may ultimately be affected by some subsequent proceeding under the judgment challenged by the appeal. Title must be the issue. It must be the matter in dispute in the suit resulting in such judgment. The judgment itself must directly affect the title. It is not enough that the enforcement of the judgment will eventually affect the title to real estate.

The denial of the injunction in the case at bar would in no wise directly affect the title to the real estate described in the petition. Title to it will only be affected if and when a sale is had under the execution.

The rule above stated has been fully recognized in Bailey v. Winn, 101 Mo. 649, l. c. 658, 12 S. W. 1045; Balz v. Nelson, 171 Mo. 682, l. c. 688, 72 S. W. 527; Klingelhoefer v. Smith, 171 Mo. 455, l. c. 462,

71 S. W. 1008; Bruner Granitoid Company v. Klein, 170 Mo. 225, 70 S. W. 687; Stark v. Martin, 204 Mo. 433, l. c. 439, 102 S. W. 1089, and other cases.

We have concluded that the Kansas City Court of Appeals erroneously held that title to real estate was involved in the case at bar and hence improperly transferred the cause to this court. In so holding the opinion of that court is out of harmony with well-considered opinions of this court. The cause should therefore be remanded to the Kansas City Court of Appeals. It is so · ordered. *White, P. J.,* concurs; *Walker, J.,* dissents in separate opinion.

WALKER, J., (dissenting).—I did not discuss the question of the court's jurisdiction in the opinion I prepared in this case and which was not adopted on the alleged ground · of a lack of jurisdiction because I thought it sufficiently appeared from the statement of the facts and the points ruled upon.

The question at issue and the one necessary to the final disposition of the case was the validity of the deed from the Mendelsohn-Strauss Realty Company to Weil and Kupfer to the lots in controversy. To enjoin the sale of these lots, as the statement of the facts discloses, this suit was brought. The double-barreled contention of the respondents, first, that the corporation is nonexistent, and second, that it has, by its deed, divested itself of title, does not affect, much less eliminate the fact, that the title to these lots is necessarily involved in and vitally affected by this proceeding. The question of the right of the sheriff to sell the lots to satisfy McIlrath's judgment is a necessary corollary to the validity of the deed. The determination of the title of the land conveyed therein was the prime essential to the solution of that question. In holding, as we did, in the opinion submitted, that the deed, while regular on its face and purporting to convey the title, was invalid in having been made without authority, the title to the lots was not only directly involved but was passed upon. Thus determined, as it was shown in the opinion, the title was, in our judgment, so affected or operated upon as to confer jurisdiction upon the Supreme Court to determine the case.

The meaning of the constitutional phrase "cases involving title to real estate" (Sec. 12, Art. VI, Const. Mo.), is that "the case as tried must involve the title." [Hilton v. St. Louis, 129 Mo. 389, 391.] Judge MACFARLANE, in discussing this question in the Hilton case, says: "We take the provision to mean that the title to real estate must in some way be affected by the judgment to be rendered on the entire case as made by the pleadings and evidence."

In Price v. Blankenship, 144 Mo. 203, 209, 45 S. W. 1124, it is held that to give the Supreme Court jurisdiction "the judgment to be rendered must directly affect the title itself to the real estate."

At bar the suit was brought to enjoin the sale of the lots under an execution. The involution· of the title thereto was not only an essential but a vital requisite to the determination of the issue. In the discussion of this question we held in the opinion submitted, that the deed made by the corporation to the lots was void. This ruling would have, if the opinion had been adopted, resulted in holding that the appellants were authorized to sell the land or, stated conversely, that the plaintiffs were not entitled to maintain their action. However, regardless of the rulings as affecting the rights of the parties, the judgment rendered must of necessity affect the title to the lots. Furthermore, as an additional reason for the conclusion that the Supreme Court has jurisdiction, is the fact that only by a sale of these lots can this judgment be satisfied. It was disclosed in the evidence that the lots constituted the sole assets of the corporation. It is no longer a going concern and has no other property. The satisfaction of McIlrath's judgment, therefore, *with money* can only be accomplished by the enforcement of the execution levied on the lots and their sale thereunder. It is something more then, than a mere pecuniary liability. [Heman v.· Wade, 141 Mo. 601, 43 S. W. 162; Price v. Blankenship, 144 Mo. 209, 45 S. W. 1123.]

To maintain the action to enjoin the sheriff from selling the lots under an execution to satisfy McIlrath's judgment, it would have been necessary for the plaintiffs to have established their title to the same. Their right to appeal to this court, if the judgment of the trial court had been adverse to them, cannot be questioned. On the other hand, the judgment having been in their favor the defendants are entitled to a like right of appeal and a determination of the case in the Supreme Court. Real estate cannot be so involved as to give a right of appeal to one party to which the other is not entitled. This conclusion needs no precedent to attest its cogency; it is based on common sense and that uniformity in the granting of rights to litigants, without which justice cannot be properly administered.

Illustrative of this right we held in Bryant v. Russell, 127 Mo. 422, 30 S. W. 107, that title to real estate was involved in an appeal from a ruling of the trial court on a motion for leave to redeem land from an execution for benefits under the Kansas City Charter as from other special orders after judgment. [Laws 1891, p. 70, now Sec. 1469, R. S. 1919.] The facts in this case briefly stated, are as follows: A special execution was issued against the property of Mary R. Bryant to enforce the assessment of benefits against her property. After the required notice the property was sold to satisfy the execution. Within a short time thereafter she filed a motion to quash the execution and for leave to redeem the land. The trial court sustained this motion and allowed her to redeem upon the payment of the

amount of the benefit charges. The purchaser of the property at the execution sale resisted this motion and upon the court sustaining it appealed to this court which entertained jurisdiction and affirmed the judgment.

In Nearen v. Bakewell, 110 Mo. 645, 19 S. W. 988, this court entertained jurisdiction in a suit brought to cancel certain promissory notes and compel the return to the plaintiff of a cash payment on a purchase of land on account of fraud. The court found the issues for the plaintiffs, enjoined the collection of the notes, decreed their cancellation and the delivery of the deed to the defendants. Unlike the case at bar it was not necessary to pass upon the title as a requisite to a judgment for the plaintiffs. The reasons, therefore, in favor of the Supreme Court's jurisdiction are not as patent as in the instant case, which we repeat, necessarily involves a determination of the title to the lots to authorize the rendition of a judgment.

It was ruled in Gardner v. Terry, 99 Mo. 523, 12 S. W. 888, that this court had jurisdiction in a suit to enjoin the sale of two lots under a deed of trust, where the issue the plaintiff tendered was the same he would have been entitled to make in an action of ejectment brought against him by the purchaser at the sale. If title is involved, therefore, under the facts in the Gardner case, more convincing reasons may be adduced for invoking its existence in the instant case. Ejectment is but a possessory action. That having been established the case is made. In a suit to enjoin the levying of an execution, however, and the sale of land thereunder it is necessary for one contesting that right to show title in the property sought to be sold. Certainly it cannot be contended that such showing does not of necessity involve a determination of title.

The long line of decisions to the effect, under different subordinate facts, that this court will not exercise its jurisdiction in cases where the title to land is only incidentally or indirectly affected are not controlling in a case presenting the facts of that at bar. Here, indisputably the title to the lots is directly and necessarily involved. Rulings, therefore, as in Corbett v. Brown, 263 S. W. (Mo.) 233, and the numerous cases cited and discussed therein are not decisive of the jurisdiction of the court in the pending case. The same may be said of Vandeventer v. Florida Sav. Bank, 232 Mo. 618, 135 S. W. 23, and the earlier cases therein cited and discussed by Judge WOODSON. This fact should be borne in mind, that it is not the character of the case viewed superficially that determines whether the involution of title to land is necessary to the determination of jurisdiction, but are the issues such as to not only require but demand that a review and a finding as to the title is necessary to a proper disposition of the case. Imbued with this idea the opinion submitted was prepared and it is insisted, if correct as to the merits, that it should

have been adopted. I am therefore of the opinion that this court should retain jurisdiction of and determine this case.

I have attached to the file copy of this dissenting opinion a copy of the original opinion, prepared by me, which discloses facts showing our jurisdiction.